The Honorable Bob Johnson State Representative Post Office Box 173 Bigelow, Arkansas 72016
Dear Representative Johnson:
This is in response to your request for an opinion on whether the Arkansas Soil and Water Conservation Commission (the "Commission") has authority under the law to withhold funds from a conservation district, without the district's consent, for the purpose of making a contribution in the district's name to the National Association of Conservation Districts (the "NACD").
Your request and documents enclosed with it indicate that the NACD is a private, nonprofit organization financed by the voluntary contributions of its members, who are conservation districts nationwide, and that the Commission has, annually since 1990, withheld from each of the state's 76 conservation districts amounts that would otherwise be distributed to them, and has contributed such funds to the NACD on behalf and in the names of such districts.
The Commission's distribution of funds to the state's conservation districts is governed by A.C.A. § 14-125-109 and rules promulgated by the Commission. The statute authorizes the Commission to make payments to the districts from funds appropriated for that purpose; requires payments made to the districts to be used for purposes authorized by law; requires an application from a district wishing to receive funds; and requires that payments to the districts to be used only in furtherance of the purposes of the Conservation Districts Law (Arkansas Code title 14, chapter 125). The statute does not expressly authorize the Commission to withhold funds from a district in order to make a contribution or expenditure on its behalf.
Title II, subtitle XVIII, of the Commission's rules sets forth procedures for state funding of conservation districts' operations. The rules provide for state matching funds, funding for special projects, and hardship funding. A district must file an application to receive funds of any type. Funding requests are subject to the availability of state revenues, with matching funds having priority over special project funding. Nothing in the Commission's rules purports to authorize the Commission to withhold funds from a district in order to make a contribution or expenditure on its behalf.
Acts passed by the General Assembly during recent regular legislative sessions appropriating funds to the Commission contain, in sections entitled "Appropriations — State Operations," line items that are captioned merely "Conservation Districts," without further elaboration.See Act 846 of 1995, § 3; Act 498 of 1993, § 2; Act 835 of 1991, § 2;Act 179 of 1989, § 2. I assume the amounts thereby appropriated to the Commission constitute the source of funds distributed to the districts pursuant to A.C.A. § 14-125-109 and the Commission's rules.
In my opinion, the Commission is without clear legal authority to withhold funds appropriated to it for further distribution to the state's conservation districts and to contribute such funds to the NACD on behalf of the districts. I reach this conclusion for several reasons. First, A.C.A. § 14-125-109(a) authorizes the Commission "to make payments to the districts from time to time from funds appropriated for that purpose." The statute does not expressly authorize the Commission to make any other use of such funds. The designation of one thing in a statute may properly be construed to mean the exclusion of another. Gazaway v. Greene CountyEqualization Bd., 314 Ark. 569, 864 S.W.2d 233 (1993).
Second, Ark. Const. art. 5, § 28, provides in relevant part:
 No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill[.]
In view of the existence of the statutory mechanism for distribution of funds to conservation districts, it appears to me that the only reasonable interpretation of the line item appropriations described above is that their purpose was to provide funds to the Commission to be distributed to the districts under A.C.A. § 14-125-109. In my view, the appropriations cannot reasonably be interpreted as being for the purpose of funding Commission contributions on behalf of the districts, there being no statutory authorization or mechanism providing for such contributions.
Finally, it does not appear that any statute or Commission rule requires conservation districts to contribute to the NACD. If such a requirement were in place and were valid,[1] the Commission's payment of the districts' contributions on their behalf might be upheld as merely an administrative convenience that lacks substance effect. In the absence of such a requirement, however, it appears that the decision to contribute to the NACD remains within the discretion of each conservation district.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] I express no opinion with respect to whether the Commission has authority to require conservation districts to contribute to the NACD.