The Honorable Charlotte T. Schexnayder State Representative Post Office Box 220 Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This is in response to your request, made on behalf of Lincoln County Clerk Virginia B. Adcox, for an opinion on the following questions:
 1. Can a county, through an appropriation ordinance by the quorum court, give money to another county from a restricted fund, such as the Indigent Defense Fund?
 2. When two counties comprise a judicial district and each county receives funds for a restricted purpose, such as the Indigent Defense Fund, and each county has [its] own public defender's program, can one of the counties give the other county a portion of [its] funds when those funds are collected for the use and benefit of each county?
Because of the generality of the questions, I am unable to give a universal and definitive answer with respect to whether a county may give money to another county from a restricted fund. The answer may vary from case to case according to the nature of the restrictions upon the fund, the existence or nonexistence of express statutory authority to make such a gift, and the use to be made of the donated funds. See, e.g., Op. Att'y Gen. 95-309, 95-139, 95-046, 94-147. I will, however, render opinions, set forth below, with respect to whether a county may give to another county amounts in its indigent defense fund.
County indigent defense funds are required and established by A.C.A. §14-20-102 (Supp. 1995), which provides:
 (a)(1) There is hereby created on the books of the treasurer of each county in the state a fund to be used for the purpose of paying reasonable and necessary costs incurred in the defense of indigent persons accused of criminal offenses and in the representation of persons against whom involuntary admissions procedures for mental health or alcohol and narcotic commitments or criminal commitments have been brought, and for representation in civil and criminal matters of persons deemed incompetent by the court due to minority or mental incapacity, which have been brought in any circuit courts, chancery courts, juvenile courts, probate courts, or city or county division of municipal courts, including, but not limited to, investigative expenses, expert witness fees, and legal fees.
 (2) Where there are adequate unappropriated moneys in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of the juvenile division of chancery court.
 (3) Where there are adequate unappropriated moneys in this fund, the quorum court may also provide for the use of the funds for the purpose of defraying the cost of medical and dental costs incurred by the county for indigent defendants incarcerated in the county jail.
 (4) The quorum court is authorized to supplement the fund by additional appropriation from the county general fund, and expenditures from such fund shall be made in the manner and amounts prescribed by the quorum court.
(b) [Repealed.]
 (c) In any county where a public defender commission has been established under §§ 16-87-101—16-87-112, the amount to be paid for attorney fees, investigative costs, and other costs under subdivision (a)(1) of this section shall be determined in a manner prescribed by the quorum court acting with the advisory resolution of the public defender commission.
(d) [Repealed.]
The statute clearly sets forth one primary purpose, and two secondary purposes, for which amounts in an indigent defense fund may be expended.[1] The fund is to be used primarily to pay the costs of the representation of specified individuals in specified court cases. If adequate unappropriated funds remain, the fund may be used to defray the cost of the juvenile division of chancery court and to pay the costs of medical and dental care for specified individuals. In my view, the legislature's careful enumeration of permitted uses of amounts in the indigent defense fund indicates a legislative determination that such amounts may not be used for other purposes, such as gifts. As a maxim of statutory construction, this reasoning is known by the Latin phraseexpressio unius est exclusio alterius (the expression of one thing is the exclusion of another), and the maxim is well-established in Arkansas law. See, e.g., Gazaway v. Greene County Equalization Bd., 314 Ark. 569,864 S.W.2d 233 (1993); Venhaus v. Hale, 281 Ark. 390, 633 S.W.2d 930
(1984). In my opinion, then, amounts in a county's indigent defense fund may be used only for the purposes set forth in A.C.A. § 14-20-102(a), and may not be given, in whole or in part, to another county.
Two statutes might be seen as relevant to the second question. First, A.C.A. § 14-20-102(c), quoted above, provides that, in a county where a public defender commission has been created pursuant to A.C.A. §§ 16-87-101
to -113 (1987 and Supp. 1995), the amounts to be paid for fees, expenses, and other costs described in A.C.A. § 14-20-102(a)(1) are to be "determined in a manner prescribed by the quorum court acting with the advisory resolution of the public defender commission." Second, A.C.A. § 16-87-107 (Supp. 1995) provides in relevant part:
 (a) The maximum salaries and expenses of the public defender's office in each judicial district shall be established by the [public defender] commission [established pursuant to A.C.A. §§ 16-87-101 to -113].
 (b) The salaries and expenses of the office of public defender in each district shall be paid by the counties in the district in such amounts as may be approved by the respective quorum courts of the counties.
 (c) In any multicounty judicial district, the public defender commission may designate one (1) county in the district as the "host" county for the public defender office. The county treasurer of any such designated host county shall act as the fiscal officer for the indigent defense fund and shall receive from the treasurers of all counties in the judicial district funds collected from any case fee assessed under § 14-20-102 and any other funds appropriated by counties from the county general funds or other sources for the operation of the public defender office. The quorum court of any such host county shall by ordinance appropriate funds for the annual budget of the district public defender office.
Although I express no opinion with respect thereto, these statutes appear to contemplate that a county's payments toward the costs of maintaining the public defender's office may not be determined strictly by reference to the costs attributable to that county where the county is part of a multicounty judicial district in which a public defender commission has been created.[2]
Because, however, your second question states that "each county [of the two-county judicial district] has [its] own public defender program," I assume that no public defender commission has been created pursuant to A.C.A. §§ 16-87-101 to -113 in such district. Accordingly, the provisions of A.C.A. §§ 14-20-102(c) and, 16-87-107(b) and (c) are not applicable. It is therefore my opinion that use of amounts in the subject county's indigent defense fund is governed by A.C.A. § 14-20-102(a) and that the county may not make a gift of any portion thereof to another county.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] In answering the first question, I have assumed, as suggested by the second question, that no public defender commission has been created in the judicial district of which the county at issue is a part. I therefore leave aside for now the question of the effect of A.C.A. §14-20-102(c). I address that subsection in response to the second question.
[2] It should be noted, however, that, even if the statutes may authorize disproportionate support of the judicial district's public defender office, they do not authorize one county to make a gift to another county for such purpose.