The Honorable Jim Lancaster State Representative Route 6, Box 520 Sheridan, Arkansas 72150
Dear Representative Lancaster:
This opinion is being issued in response to your recent question regarding Act 758 of 1995. You have asked:
Does Amendment 59 apply to Act 758?
It is my opinion that Amendment 59 to the Arkansas Constitution does not apply to Act 758 of 1995.
Amendment 59 to the Arkansas Constitution (the pertinent part of which appears at Article 16, § 14 of the Arkansas Constitution) states in part:
 Whenever a countywide reappraisal or reassessment of property subject to ad valorem taxes made in accordance with procedures established by the General Assembly shall result in an increase in the aggregate value of taxable real and personal property in any taxing unit in this State of ten percent (10%) or more over the previous year the rate of city or town, county, school district, and community college district taxes levied against the taxable real and personal property of each such taxing unit shall, upon completion of such reappraisal or reassessment, be adjusted or rolled back, by the governing body of the taxing unit, for the year for which levied as provided below.
ARK. CONST., art 16, § 14(a).
Act 758 of 1995 (which has been codified at A.C.A. § 26-26-305) creates an obligation on the part of county assessors to conduct continuing programs of property valuation, under which each parcel of property must be physically reviewed and revalued at least once every five years. The statute excepts this continuing valuation program from the applicability of Amendment 59 in situations where the review cycle takes two years or more. This exception provision is set forth in A.C.A. § 26-26-305(e), which states:
 If the review cycle of a county's cyclical review program is two (2) or more years, then normal carrying out of such physical review program and adjustments to valuations thereunder shall not constitute a comprehensive countywide reappraisal for purposes of triggering the provisions of Arkansas Constitution, Amendment 59.
A.C.A. § 26-26-305(e).
The phrase "countywide reappraisal or reassessment" as used in Amendment 59 is not defined in the Amendment. It is my opinion that the Amendment empowers the General Assembly to determine what constitutes a "countywide reappraisal or reassessment" for purposes of the Amendment. I base this conclusion on the fact that the Amendment itself provides that it will only apply to reassessments or revaluations that are conducted "in accordance with procedures established by the General Assembly."
The General Assembly established such procedures when it enacted legislation (codified at A.C.A. § 26-26-401 et seq.) to implement the provisions of Amendment 59.
In that legislation, the General Assembly explicitly stated the circumstances under which the provisions of Amendment 59 (as codified in the statute) are to apply:
 The provisions of this subchapter relative to the adjustment or rollback of millage levied for ad valorem tax purposes shall be applicable only where there is a countywide or statewide reappraisal of property:
(1) Pursuant to court order; or
(2) Pursuant to directive of law enacted by the General Assembly; or
 (3) When the reappraisal is initiated by the assessor, the county equalization board, by directive of the quorum court or upon request of one (1) or more taxing units of a county, and is determined and certified by the Assessment Coordination Division of the Arkansas Public Service Commission as constituting a comprehensive county-wide reappraisal; or
 (4) When ordered by or implemented by a county pursuant to a directive of the division or its successor agency.
A.C.A. § 26-26-401.
The foregoing language indicates that the four circumstances listed therein are those which constitute a "countywide reappraisal or reassessment" for purposes of triggering Amendment 59. See Gazaway v.Greene County Equalization Bd., 314 Ark. 569, 864 S.W.2d 233 (1993). Although the reappraisal mandated by Act 758 of 1995 is one that would be carried out "pursuant to directive of law enacted by the General Assembly," it nevertheless does not fall within the purview of the second listed circumstance (A.C.A. § 26-26-401(2)), or any of the other four circumstances listed in § 401, because it is a directive that the General Assembly, pursuant to the authority granted it in Amendment 59, expressly excepted from the Amendment's applicability.
I therefore conclude that Act 758 of 1995 is properly excluded from the operation of Amendement 59.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh