Don VENHAUS, Pulaski County Judge *v.*
Judge David HALE, Pulaski Municipal Court

83-236                                    663 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered February 13, 1984

*Henry & Duckett,* for appellant.

*Dillahunty, Skelton & James,* for appellee.

P. A. HOLLINGSWORTH, Justice. Don Venhaus, Pulaski County Judge, appeals from a denial of a writ to prohibit Pulaski Municipal Judge David Hale from ordering Venhaus to pay the fee of a Special Prosecutor in the amount of $16,125.00. Judge Hale, one of several municipal judges in Pulaski County, issued an order September 14, 1982, finding that the regularly elected Prosecuting Attorney had disqualified in a criminal case involving William C. McArthur and appointing W. H. Dillahunty as Special Prosecuting Attorney to represent the state in Pulaski County Municipal Court. The order stated that Dillahunty would have "all the powers normally granted to an elected Prosecuting Attorney and empowered him to take all actions necessary to carry out those duties."

Judge Hale issued another order on March 21, 1983, directing that "the cost of the Special Prosecuting Attorney, his investigators, and other costs of the investigation shall be borne by Pulaski County." On April 27, 1983, Judge Hale issued an order stating "upon the inherent authority of this Court to appoint a special prosecutor when the regular prosecuting attorney is disqualified, the Court finds that the County of Pulaski should pay W. H. Dillahunty $16,125.00 for his legal services performed for this Court."

County Judge Venhaus filed a motion before Judge Hale to vacate the April 27, 1983 order, and when no action was forthcoming, Venhaus filed a writ in Pulaski County Circuit Court to prohibit the payment of the fee to Dillahunty. Venhaus maintains Pulaski County Municipal Court has no jurisdiction and further that Ark. Stat. Ann.

§ 24-118 provides the exclusive statutory method for payment of fees of special prosecuting attorneys. Pulaski Circuit Court denied the writ, specifically finding that jurisdiction of the parties and jurisdiction of the subject matter of the proceeding was in the Pulaski County Municipal Court. We hear the appeal from that order and reverse.

The appellee judge argues that Venhaus voluntarily submitted to the jurisdiction of the municipal court, and for that reason, the trial court did not err in refusing to issue a writ of prohibition. There is no legal authority cited for this proposition, only the fact that Venhaus paid several bills for investigatory expenses submitted by Dillahunty. We have long held that subject matter jurisdiction may be raised for the first time on appeal, that the lack of such jurisdiction cannot be conferred by consent of the parties, and cannot be waived by any act of the parties. *Sugar Grove School Dist. No. 19* v. *Booneville Special School Dist. No. 65*, 208 Ark. 722, 187 S.W.2d 339 (1945); *Hilburn* v. *First State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976). The payment of Dillahunty's expenses was a gratuitous act on the part of the county and cannot be considered a waiver to object to acts not authorized by law.

The appointment and compensation of a special prosecuting attorney are matters determined by statute. The controlling statutes in Arkansas provide for the appointment to be made by the Circuit Court and the compensation to be paid by the state. See Ark. Stat. Ann. § 24-117, *et seq.* Since the statute expressly provides how a special prosecutor is appointed, we reach the conclusion that this excludes the appointment by an inferior court. We have held "[w]here an Act undertakes to regulate the subject of which it treats and points out the manner and place in which the act regulated may be done, there is an implied inhibition against doing it otherwise or elsewhere. In such cases the maxim *expressio unis est exclusio alterius* becomes a canon of construction." *Cook, Comm. of Revenues* v. *Arkansas-Missouri Power Corp.* 209 Ark. 750, 753, 192 S.W.2d 210 (1946).

We hold that an attorney appointed by a municipal court as a special prosecutor is not entitled to recover from

the county for the services rendered by him in the absence of statutory authority for the appointment or the compensation. This is a sound proposition since an attorney is not bound to accept an appointment to aid in the prosecution of a criminal case and may decline. If he accepts, he should know the limitations on the power of the court to make the appointment and to allow compensation for his services. "If such authority is exceeded he cannot complain that his services have been required without compensation." 63 Am Jur 2d *Prosecuting Attorneys* § 20 p. 348 (1972).

The inherent power of the courts to order the expenditure of funds to compensate court-appointed prosecutors has been upheld in other jurisdictions. We do not disagree with this doctrine but hold that the exercise of such inherent powers is limited by statutes in Arkansas. See 59 A.L.R. 3d 569, 625-26 § 14 (1974).

We have held that prohibition is the proper remedy in this type of case. *Beaumont, Judge* v. *Adkisson, Judge,* 267 Ark. 511, 593 S.W.2d 11 (1980); *Duncan* v. *Kirby, Judge,* 228 Ark. 917, 311 S.W.2d 157 (1958).

The case is properly before us on appeal. See Ark. Stat. Ann. § 33-108 (Repl. 1962).

We reverse and remand to the trial court with instructions to grant the Writ of Prohibition.

Reversed.

HICKMAN, J., concurs, and still adheres to his views expressed in *Pulaski County Municipal Court* v. *Scott,* 272 Ark. 115, 612 S.W.2d 297 (1981).