CHEM-ASH, INC. *v.* ARKANSAS POWER AND LIGHT CO.

88-28                                    751 S.W.2d 353

Supreme Court of Arkansas
Opinion delivered June 20, 1988

*Davidson Law Firm, Ltd.*, by: *Charles Darwin Davidson* and *Clark W. Mason*, for appellant.

*House, Wallace & Jewell*, by: *Philip E. Dixon*; and *Janan E. Kemp*, for appellee.

DARRELL HICKMAN, Justice. This case involves the Uniform Arbitration Act. The trial court ordered arbitration of this dispute between Chem-Ash, Inc., the appellant, and AP&L, the appellee. Chem-Ash argues that its lawsuit was a tort action, not subject to arbitration; AP&L argues that the trial court's order is not appealable, and even if it is, the suit filed by appellant was in fact a contract dispute and not one based in tort. It is undisputed that "personal injury or tort matters" cannot be the subject of arbitration. *See* Ark. Code Ann. § 16-108-201 (1987). We find the order not appealable and do not reach the other question.

Generally, the facts are that Chem-Ash is in the business of marketing and disposing of a substance called fly ash, a by-product of the coal furnaces at AP&L's generating plants. Chem-Ash and AP&L entered into two contracts, which contained arbitration provisions, regarding the disposal of fly ash from AP&L's plants at Redfield and Newark, Arkansas. AP&L terminated the contract on July 31, 1987. Chem-Ash filed suit in Pulaski County Circuit Court for breach of contract and tort, alleging conversion and negligence. On AP&L's motion, the trial court entered an order compelling arbitration, according to the parties' agreement.

AP&L argues that the trial court's order compelling arbitration is not appealable under the Uniform Arbitration Act. Chem-Ash argues that the order is appealable, relying on Rule 2(a) of the Arkansas Rules of Appellate Procedure, decisions from other jurisdictions, and our decision in *Hoggard & Sons v. Russell Burial Assn.*, 255 Ark. 576, 501 S.W.2d 613 (1973).

The Uniform Arbitration Act speaks to the question of appeals in Ark. Code Ann. § 16-108-219 (1987), which provides an appeal may be taken from:

(1) An order denying an application to compel arbitration made under § 16-108-202;

(2) An order granting an application to stay arbitration made under § 16-108-202(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of this subchapter.

Clearly, if the legislature had intended to deny or delay arbitration by permitting an appeal from an order compelling arbitration, it would have said so. The act only states that an appeal can be taken from an order *denying* an application to compel arbitration. It is fundamental statutory construction law that the express designation of one thing may properly be construed to mean the exclusion of another. *Venhaus v. Hale*, 281 Ark. 390, 663 S.W.2d 930 (1984); *Cook v. Arkansas-Missouri Power Corp.*, 209 Ark. 750, 192 S.W.2d 210 (1946). Also such a decision would be in accordance with the strong public policy favoring arbitration, which this court has consistently recognized. *See Arkansas Dept. of Parks and Tourism v. Resort Managers, Inc.*, 294 Ark. 255, 743 S.W.2d 389 (1988).

Almost uniformly, states which have adopted the Uniform Arbitration Act have held that an order compelling arbitration is not appealable. *See* Annotation, *Appealability of State Court's Order or Decree Compelling or Refusing to Compel Arbitration*, 6 A.L.R. 4th 652 (1981).

Even so, the trial court's order must also be examined in light of Rule 2(a) of the Arkansas Rules of Appellate Procedure, which governs the appealability of lower court orders. The only provision of Rule 2(a) that would indicate the order compelling

arbitration was final or appealable is 2(a)(2), which reads:

> An order which in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action;

We conclude that the trial court's order did not in effect determine the action or discontinue it. The matter has merely been referred to arbitration and the appellant can obtain review of the arbitration decision and raise the very question presented here, whether the trial court was right in referring the case to arbitration. If we permit an appeal from every order referring a case to arbitration, the policy favoring arbitration would be frustrated, and we would be twice reviewing a case. For similar reasons, an order transferring a case from chancery to circuit court is not appealable. *McIlroy Bank & Trust* v. *Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982).

We find that *Hoggard, supra,* is not controlling. While it has procedural similarities to the case before us, it involved the Administrative Procedure Act, not the Uniform Arbitration Act. In view of the clear intent of the legislature in § 16-108-219 that orders compelling arbitration not be appealable, and the fact that we find the order did not determine the action, prevent a judgment, or discontinue the action, we dismiss the appeal.

Appeal dismissed.

PURTLE, J., not participating.