Boyd GAZAWAY and Viva Gazaway *v.* GREENE
COUNTY EQUALIZATION BOARD

93-187                                          864 S.W.2d 233

Supreme Court of Arkansas
Opinion delivered November 2, 1993

570

*Fulkerson, Todd & Broadaway*, by: *Michael E. Todd*, for appellant.

*Branch, Thompson & Philhours*, by: *Randy F. Philhours*, for appellee.

STEELE HAYS, Justice. Boyd and Viva Gazaway, appellants, brought this action to challenge a property tax assessment by the Greene County Equalization Board, appellee, because the assessment was not determined by the current use of the property. We find no error in the method used in making the assessment.

The Gazaways own real property in Greene County. The property lies within a commercial zone, but only part of it is used for commercial purposes. The other part consists of a residential duplex rented out by appellants. The Greene County Tax Assessor originally appraised the property pursuant to Ark. Code Ann. § 26-26-1202 (1987), at $380,100.00, resulting in a taxable valuation of $76,020.00 and a tax liability of $2,296.58 for 1990. The basis of the valuation was comparable sales of nearby commercial properties.

On appeal to the Greene County Equalization Board, the Board lowered the appraised value to $311,625.00, thereby reducing the taxable evaluation to $62,325.00 and the tax to $1,882.62. The Gazaways appealed to the Greene County Court and when the Board's decision was upheld, they appealed to the circuit court, arguing that the property's current use must be considered. After a bench trial, the trial court affirmed the Board's appraisal.

The only witness to testify was Jane Wheeler, an appraiser with the Greene County Tax Assessor's Office. She testified that in evaluating appellants' property she used only comparable sales of commercial property within the immediate area of the commercial zone where the property was located and did not use residential sales. Appellants contended the residential property should have been evaluated by comparable residential sales in conformity with the present use of the property. They argued that comparable sales of commercial properties should not have been used because that would only project the property's value for future use and not its current, actual use. The trial court affirmed the appraisal and appellants bring this appeal contending, as in the trial court, that current use was not properly considered in the assessment.

We agree that current use is a factor to be considered in making an assessment, but it is only one factor. In *Public Service Comm'n* v. *Pulaski County Equalization Board*, 266

Ark. 64, 582 S.W.2d 942 (1979), we held unconstitutional statutes which based assessments *only* on use. We held that under Ark. Const. art. 16, § 5, which provided for uniformity of taxes and valuation based on "value," "value" means true market value and property should be so assessed to insure uniformity of taxation. We held unconstitutional statutory methods enacted by the legislature which provided for valuation only on the basis of "current use," and not true market value. We also discussed what factors should be used in determining the true market value:

> In the determination of the market value of a given piece of property, necessarily a great many things are to be taken into account. . . . It is proper always in determining that question to take into account the character of the land; the uses to which it may be put; the character of the soil; the timber growing on the surface of the land as well as the ores hidden beneath; the accessibility of the land; its development; its proximity to other lands which have been so developed as to add to its own value; and the quantity of other lands of a similar character adjacent to it which would be calculated to make it more attractive to prospective purchasers, together with any other fact or circumstance which affects the property's value. *But all of these questions are to be considered for the purpose at least of ascertaining the market value of the tract in question, and that is the value which must be adopted for the purposes of assessment when it has been ascertained.* [Emphasis in original.]

While "use" is mentioned, it is only one of several factors to be considered, and even then, "use" is not restricted to *current* use, but rather to "the uses to which it may be put." To the same effect *see Jim Paws, Inc.* v. *Equalization Board of Garland County*, 289 Ark. 113, 710 S.W.2d 197 (1986). Therefore, under Ark. Code Ann. § 26-26-1202 (1987), which calls for the "true market value in money," the statute must be read in light of our interpretation of that term.

Ms. Wheeler testified that appellants' property was completely surrounded by commercial property and her primary method of evaluation was the comparison of sales of commercial property. She discussed different factors affecting the evaluation

of each piece of property she priced, including: access to more than one street, frontage on a commercial thoroughfare, improvements on the land, the development in the surrounding area, and the potential for appreciation or depreciation because of such surroundings. She stated she did not evaluate property at its highest and best use because ultimately the test is the existing market value. For comparable businesses containing improvements in the surrounding commercial zone, Wheeler's appraisal per square foot ranged from $3.33 to $5.43. On the property in question she assessed the part used commercially at $2.41 per square foot and the part used residentially at $3.00 per square foot.

There were evidently no residences in the zoned commercial area other than appellants' duplex. Wheeler testified there was a residence nearby which she valued at $2.41 per square foot, but she excluded it from her calculations because it was located across the street from the commercial zone in a residential area where no commercial enterprise could be located.

Under the dictates of *Arkansas Public Service* v. *Pulaski Co. Equalization Board, supra*, using only a property's current use will not yield a true market value as required by Ark. Const. art. 16, § 5. Rather, all the factors listed in that opinion should be considered. While current use is one factor, it must be considered along with all other factors, and only for the ultimate purpose of obtaining the market value. Where, as here, the residential use does not reflect its true market value because of its situs in a commercial zone, current usage will not greatly influence actual market value. That was the thrust of Ms. Wheeler's testimony as to this property's value, and that was the finding of the trial court.

Appellants' other arguments are unpersuasive. The first is based on Ark. Code Ann. § 26-26-407(a) and (c) (1987). Section -407(a) provides that residential property used solely as the principal place of residence of the owner shall be valued as a residence until the property ceases to be used for residential purposes. Section -407(c) provides that vacant residential and commercial land shall be "valued at its typical use." Appellants reason that if residential property of the owner and vacant residential property are to be assessed according to its use, so

should residential rental property. We cannot sustain the argument.

The first section of subchapter Ark. Code Ann. § 26-26-400 (1987), i.e., § 26-26-401, determines its application:

> The provisions of this subchapter relative to the adjustment or rollback of millage levied for ad valorem tax purposes shall be applicable only where there is a county-wide or statewide reappraisal of property:
>
> (1) Pursuant to court order; or
>
> (2) Pursuant to directive of law enacted by the General Assembly; or
>
> (3) When the reappraisal is initialed by the assessor, the county equalization board, by directive of the quorum court or upon request of one (1) or more taxing units of a county, and is determined and certified by the Assessment Coordination Division of the Arkansas Public Service Commission as constituting a comprehensive countywide reappraisal; or
>
> (4) When ordered by or implemented by a county pursuant to a directive of the division or its successor agency.

Thus, the provisions of Subchapter 4 apply only to a rollback of millage levied where there has been a countywide or statewide reappraisal of property pursuant to the four factors listed in the statute. Since there is no evidence the appraisal in this case occurred as a result of a county or statewide reappraisal of property by one of the four listed methods, § -407 does not apply.

A similar argument is based on Ark. Const. art. 16, § 15, which provides:

> (a) Residential property used solely as the principal place of residence of the owner thereof shall be assessed in accordance with its value as a residence, so long as said property is used as the principal place of residence of the owner thereof, and shall not be assessed in accordance with some other method of valuation until said property ceases to be used for such residential purpose.

(b) Agricultural land, pasture land, timber land, residential and commercial land, excluding structures thereon, used primarily as such, shall be valued for taxation purposes under the provisions of Section 5 of this Article, upon the basis of its agricultural, pasture, timber, residential, or commercial productivity or use, and when so valued, such land shall be assessed at the same percentum of value and taxed at the same rate as other property subject to ad valorem taxes.

(c) The General Assembly shall enact laws providing for the administration and enforcement of this Section and for the imposition of penalties for violations of this Section, or statutes enacted pursuant thereto. [Added by Const. Amend. 59.]

This segment of Amendment 59 conduces further argument in the same vein, i.e., because section (a) provides that residential property used solely as the residence of the owner shall be valued as such until it ceases to be residential property, and section (b) provides that land, excluding the structures thereon, shall be based upon use, then by implication, residential property, regardless of who resides there, should be valued according to its use.

Section 15 is new and we have not interpreted its meaning and application. For purposes of addressing the argument it will suffice to point out that appellants' interpretation would require an implication that another category of property is included in
§ 15. However, the rules of construction do not permit such implication. The rules governing construction of constitutional amendments are the same as those governing statutes. *Faubus* v. *Kinney*, 239 Ark. 443, 389 S.W.2d 887 (1965). The phrase *expressio unius est exclusio alterius* is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. *Chem-Ash, Inc.* v. *Arkansas Power & Light Co.*, 296 Ark. 83, 751 S.W.2d 353 (1988); *Venhaus* v. *Hale*, 281 Ark. 390, 663 S.W.2d 930 (1946). Reading § 15 and Amendment 59 in their entirety, this rule of construction refutes appellants' argument.

In *Tuthill* v. *Arkansas County Equalization Board*, 303 Ark. 387, 797 S.W.2d 439 (1990), we noted that a challenger

to a tax assessment has the burden of showing that the assessment is "manifestly excessive or clearly erroneous or confiscatory." And in *Summers Chevrolet, Inc.* v. *Yell County*, 310 Ark. 1, 832 S.W.2d 486 (1992), we wrote:

> We will reverse property assessments "only in the most exceptional cases," however, and the burden of proof is on the protestant to show that the assessment is manifestly excessive, or clearly erroneous or confiscatory. Also, in reviewing a finding of fact by a trial judge, we view the evidence and all reasonable inferences therefrom, in the light most favorable to the appellee. [Cites omitted.]

Under the circumstances of this case, we do not find error in the trial court's decision and therefore cannot find the assessment is clearly erroneous.

Affirmed.