Major General Melvin C. Thrash Military Department of Arkansas Office of the Adjutant General North Little Rock, Arkansas 72218-2200
Dear Major General Thrash:
This is in response to your request for an opinion concerning a proposed plan to provide rental cars for the use of students and visitors to Camp Robinson. It is my understanding that a private rental car company would provide the rental services but would like to use one of the Camp Robinson Canteen employees to handle paper work, collect fees, etc., until it can be determined whether business will justify setting up a full-time rental office. Specifically, you pose the following question:
 In view of the language of A.C.A. § 12-63-404(b)(2), is the Camp Robinson Canteen authorized to enter into an agreement with a car rental agency whereby a canteen employee would be made available to complete paperwork and collect rental fees on the canteen premises, on behalf of the car rental company and on forms provided by the car rental company, in exchange for a small commission being paid to the canteen?
It is my opinion that the answer to your question is "yes," provided there are no governing Department of Defense regulations which would otherwise bar such an arrangement.
As you have indicated, the Adjutant General is authorized to establish and maintain a canteen on the premises of Camp Robinson under the authority of A.C.A. § 12-63-404 (1987). Section (b)(2) provides that the canteen "shall not sell, trade, exchange, market, or vend automobiles. . . ." There are no relevant statutory definitions of these terms; however, all are various forms or synonyms of the word "sell." "Vend" is specifically defined by Webster's Seventh New Collegiate Dictionary (1965) as "to change hands by sale." Likewise, to "market" something is "to expose for sale in a market; sell." Id. The terms "trade" and "exchange" are somewhat more broadly defined but nonetheless appear to contemplate a more permanent transaction than a mere lease. See,e.g., "trade," which means "to give in exchange for another commodity."Id.
A statute is construed just as it reads, giving words their ordinary and usually accepted meaning. Mountain Home School Dist. v. T.M.J. Builders,313 Ark. 661, 858 S.W.2d 74 (1993). Furthermore, it is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Gazawayv. Greene County Equalization Bd., 314 Ark. 569, 864 S.W.2d 233 (1993). The careful listing of terms associated with the "sale" of items and the omission of the words "rent" or "lease," when such terms could easily have been included, evidences, in my opinion, a legislative intent to exclude rental agreements from those activities prohibited by §12-63-404(b)(2).
While we have concluded that the canteen itself would not be barred from renting vehicles under § 12-63-404, we find no applicable statutes addressing whether or not it may enter into the type of agreement you have presented. Section 12-63-404(b)(1) provides that the operation of the canteen shall be subject to the same restrictions and limitations governing the Army and Air Force Exchange Service under relevant Department of Defense regulations. The conclusion reached in this opinion is thus subject to the condition that there are no applicable regulations that would prohibit either the renting of cars by the canteen or the utilization of canteen employees and canteen premises in the manner proposed. Reference should be made to governing Department of Defense regulations to ensure compliance therewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh