The Honorable M. Olin Cook State Representative 206 South Enid Avenue Russellville, Arkansas 72801-4534
Dear Representative Cook:
I am writing in response to your request for my opinion on the following questions, which you have posed as a follow-up to a question I addressed in Ark. Op. Att'y Gen. No. 2001-288:
 1. Since the Intermodal Authority located in Pope County is outside the city, can the City of Russellville grant funds to the authority for developing a future site?
2. Can the City of Russellville grant the Authority operating funds?
RESPONSE
Assuming the City of Russellville participated in the Authority's formation pursuant to A.C.A. § 14-143-103, contained within the Regional Intermodal Facilities Act (the "Act"), A.C.A. §§ 14-143-101 through -129 (Repl. 1998), I believe the answer to your first question is "yes." See
A.C.A. §§ 14-143-123(a) and 125(a) (expressly authorizing such contributions). However, if Russellville is not a party to the agreement creating the Authority, it may be precluded from making the proposed contributions by operation of Ark. Const. art. 12, § 5. Only a finder of fact can determine whether this constitutional proscription applies. Again assuming the City of Russellville participated in the Authority's formation, I believe the answer to your second question is likewise "yes." However, if this assumption is wrong, a finder of fact might conclude that providing operating funds is constitutionally precluded by operation of article 12, § 5.
Question 1: Since the Intermodal Authority located in Pope County isoutside the city, can the City of Russellville grant funds to theauthority for developing a future site?
As you indicated in your previous request, the "authority" referenced in your question is the Russellville River Valley Intermodal Facilities Authority (the "Authority"), which you have indicated was formed pursuant to the Act. For purposes of the ensuing discussion, I will assume the Authority was created pursuant to A.C.A. § 14-143-103, which provides in pertinent part:
 (a)(1) Any two (2) or more municipalities, any two (2) or more contiguous counties, or any one (1) or more municipalities together with any one (1) or more contiguous counties, are authorized to create and establish an authority as prescribed in this chapter for the purpose of acquiring, equipping, constructing, maintaining, and operating regional intermodal facilities.
 (2) No county or municipality shall participate in such authority unless and until its governing body so provides by ordinance, and enters into an agreement with the other participating governmental units establishing the terms and conditions for the operation of the authority within the limitations provided in this chapter and such other laws of the State of Arkansas as may be applicable.
The Act defines the term "intermodal" to mean "more than one (1) mode of interconnected movement of freight, commerce, or passengers," A.C.A. §14-143-102(12), and the term "facility" to mean "any real property, personal property, or mixed property of any and every kind that can be used, or that will be useful, to accomplish the purposes of, and powers set forth in, this chapter including, without limiting the generality of the foregoing, rights-of-way, roads, streets, utilities, materials, equipment, fixtures, machinery, furnishings, furniture, instrumentalities, and other real, personal, or mixed property of every kind." A.C.A. § 14-143-102(8).
Municipal contributions to intermodal authorities are specifically authorized pursuant to A.C.A. § 14-143-123, which provides:
 (a) Contributions may be made to authorities from time to time by the counties, municipalities, and the state and persons, firms, or corporations that shall desire to do so.
 (b) In order to afford maximum opportunities for contributions, the agreement provided for under § 14-143-103 of this chapter may be treated as a cooperative agreement under the provisions of the Interlocal Cooperation Act, § 25-20-101 et seq., and may contain language enabling the agreement to be treated as a formal compact under §§ 14-165-201—14-165-204 in which case the authority shall hold title to property in its powers and capacity as a public corporation rather than as a commission-trustee as provided in §§ 14-165-201—14-165-204, or may be treated as a less formal arrangement for the cooperative use of industrial development bond funds, all to the end that the counties and municipalities may contribute to the authority funds derived from general obligation bonds under Arkansas Constitution Amendments 13 and 49, from revenue bonds under §§ 14-164-201—14-164-206 from other available sources, and may contribute funds derived from a combination of these sources.
Subsection 14-143-125(a) of the Code further empowers municipalities" to contribute to the cost of acquiring, constructing, equipping, maintaining, and operating the regional intermodal facilities and appurtenant facilities."
In what I believe to be a constitutionally permissible exercise of legislative will, see discussion infra, the Act thus authorizes the commitment of municipal and/or county resources to support regional intermodal authorities and to develop regional intermodal facilities that serve the contributing municipality or county. In my opinion, any entity that is party to the agreement creating the Authority may contribute funds either to defray the Authority's operating expenses or to construct and to operate intermodal facilities within the regional district. Accordingly, assuming the City of Russellville is a party to the intermodal agreement, I believe it may grant funds to the Authority to develop a future site notwithstanding the fact that the proposed site is located outside the Russellville city limits. I am only reinforced in this conclusion by the fact that the site is reportedly located within the five-mile area beyond the city limits over which the city planning commission has developmental regulatory authority. See A.C.A. §14-56-413(a)(1)(A).
However, in neither this nor your previous request have you suggested that the City of Russellville is itself a party to the agreement creating the Authority. Indeed, in stating that the "Intermodal Authority," as opposed to any specific intermodal facility proposed by the Authority, is located outside the City of Russellville, your question appears to suggest that the City of Russellville may neither be party to the agreement nor embraced within the district. Although A.C.A. §§14-143-123(a) and -125(a) generally authorize municipalities to contribute to regional intermodal authorities and facilities, both common sense and the context of the Act dictate that this authorization is limited to municipalities that helped create or are members of the district.[1] As the Arkansas Supreme Court noted in Gazaway v. GreeneCounty Equalization Board, 314 Ark. 569, 575, 864 S.W.2d 233 (1993):
 The phrase expressio unius est exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co., 296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390, 663 S.W.2d 930
(1946).
Applying this principle, given my conclusion that the Act authorizes only member municipalities to contribute to intermodal facilities authorities, it may well be that non-member municipalities are precluded from doing so as a matter of statutory law.
Moreover, as a matter of constitutional law, a municipality may not give away public funds unless the contribution fulfills some clear public purpose that benefits the municipality. See Ark. Const. art. 12, § 5
(denying any unit of local government the power to "appropriate money for, or loan its credit to, any corporation, association, institution or individual"). I am enclosing for your information Ark. Op. Att'y Gen. No. 1999-408, in which I discuss at some length the constitutional standard to be applied in determining whether a municipality may issue grants to other entities. Applying that standard in this case will entail conducting a factual inquiry I am neither equipped nor authorized to undertake.
Finally, I should note that any municipality is generally empowered to enter into contracts that relate to municipal affairs. A.C.A. §§14-54-101(2) and 14-42-307(a)(1). Even assuming, then, that the City of Russellville did not participate in creating the Authority and might consequently be precluded by the Act from contributing municipal funds, it might still contract with the Authority to provide some service that fulfills a legitimate public purpose.
Question 2: Can the City of Russellville grant the Authority operatingfunds?
In my opinion, the city may do so only subject to the conditions discussed in my response to your previous question.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] This reading draws support from the term of A.C.A. § 14-143-125(a) generally providing that "[c]ounties and municipalities are authorized and empowered to appoint members of the authorities. . . ." Clearly implicit in this language is the restriction that only member counties and municipalities have this power of appointment.