The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, AR 71751
Dear Senator Jeffress:
I am writing in response to your request, submitted on behalf of the mayor of the city of Thornton, for my opinion on the following questions:
 1. Can a school district dispose of school property located within the boundaries of the municipality by donating the property to the municipality for public use?
 2. Can a municipality accept school property that is no longer in use (buildings and land) donated to it by a school district?
In correspondence to you, the mayor reports that the property at issue is a vacant school building in Thornton "that is no longer in use or needed by the [Bearden] school district." He further reports that the donated property would "be used as public property in order to revitalize our community."
RESPONSE
In my opinion, the answer to your first question is "no." Ark. Const. art. 14, § 3. Your second question is consequently moot. However, I will note that the school district could sell the property to the municipality for adequate consideration, including consideration in the form of a "public advantage" that promotes a "general, suitable and efficient system of free public schools." Ark. Const. art 14, § 1.
Question 1: Can a school district dispose of school property locatedwithin the boundaries of the municipality by donating the property to themunicipality for public use?
Your question closely resembles one addressed in the attached Ark. Op. Att'y Gen. No. 2001-102, in which one of my predecessors opined that a school district could not "return" ownership of unused school district property to a town. In support of this conclusion, my predecessor offered the following analysis:
 [I]f by the phrase "be returned" you mean "be donated," I believe making such a gift would clearly run afoul of Ark. Const. art. XIV, § 3, which provides that no tax levied to support a school district "shall be appropriated for any other purpose nor to any other district than that for which it is levied." See Ark. Op. Att'y Gen. No. 88-176
("It appears that the only restriction upon the school board's discretion in the area of expenditures is to ensure that local tax money be used for the purposes and in the district in which it is levied. (See Arkansas Constitution Art. 14, 3)." As one of my predecessors noted in interpreting this restriction:
 The Arkansas Supreme Court in addressing this provision has held that any use of school funds that results in benefits to school funds or property or aids in the stated purposes for which these funds may be expended would not be an unconstitutional diversion. Magnolia School District No. 14 v. Arkansas State Board of Education, 303 Ark. 666, 799 S.W.2d 791 (1990), citing Rainwater v. Hays, 244 Ark. 1191, 428 S.W.2d 254 (1968). The court in Magnolia also cited Taylor v. Matthews, 75 S.E. 166 (1912), which had previously been cited with approval in Board of Education of Lonoke County v. Lonoke County, 181 Ark. 1046, 29 S.W.2d 268
(1930), for the following proposition:
 But while the expenditure of public school funds is confined to public schools, we are of the opinion that in the conduct of the public schools the proper authorities (such as trustees of the school district) may, in their discretion, make any expenditure of the funds which is absolutely necessary for the proper maintenance of the school entrusted to their charge. Likewise, we are willing to give broad discretion to those charged with the proper maintenance of our schools.
 303 Ark. at 670, citing 75 S.E. 166.
 As can be seen from the language above, the court has held that expenditure of school funds must be "confined to public schools" and "absolutely necessary" for proper maintenance of the school (in the discretion of the directors). Additionally, the court in Magnolia has stated that the expenditure must result in benefits to school funds or property or aid in the stated purposes for which the funds may be expended.
 In my opinion, once a school district in its discretion has closed a school, it would be difficult to describe as" absolutely necessary for" the maintenance of efficient public education giving that school building away so that others might establish a private school that competes for students within the district.
 Moreover, any donation of the property to the city would likely further offend Ark. Const. art. XVI, § 11, which provides:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
 This constitutional provision clearly applies both to the voter-approved school district tax authorized in Ark. Const. art. XIV, § 3 and to the school fund tax revenues referenced in Ark. Const. art. XIV, § 2. In my opinion, the constitutional provision just quoted clearly dictates that any school district property purchased with tax revenues be devoted exclusively to public education, subject only to the district's discretionary power to sell the property for adequate consideration if doing so would benefit the district.
(Footnote omitted.)
As discussed in Opinion No. 2001-102, any outright donation of the property to the city would further appear to be prohibited pursuant to A.C.A § 14-169-803 Repl. 1998), which provides:
 Any school district owning lands and buildings within the boundaries of any existing urban renewal project or neighborhood development program, or within the boundaries of any such project or program that may be constituted in the future, is authorized to donate and dedicate to the governing board of any such urban renewal program or neighborhood development project as may be created any surplus lands or buildings owned by it if the lands or buildings are found by the board of the school district to be surplus to its present needs or the lands and buildings are unsuitable for further use by the school.
As the court stated in Gazaway v. Greene County Equalization Bd.,314 Ark. 569, 575, 864 S.W.2d 233 (1993): "The phrase expressio unius estexclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power LightCo., 296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390,663 S.W.2d 930 (1946)." As my predecessor pointed out in Opinion No.2001-102:
 On its face, A.C.A. § 14-169-803 authorizes a school district to donate property only to an urban renewal project or a neighborhood development program, and only then if the property lies within the project or program boundaries and the district deems the property surplus or unsuitable for school use. In my opinion, implicit in this very narrowly tailored authorization is a converse proscription, discernible by application of expressio unius est exclusio alterius, against any other variety of gratuitous conveyance of school district property.
Unless these conditions are met, then, any gratuitous transfer of school district property would be barred by statute as well as by constitutional proscription.[1]
Having offered this opinion, I should note that school districts are authorized by statute to sell, rent or exchange their property if doing so is reasonably related to the goal of providing a "general, suitable and efficient system of free public schools." Ark. Const. art 14, § 1; A.C.A § 6-13-620(3) (Supp. 2003). I will further note that the Arkansas Supreme Court has held that in certain circumstances "public advantage" can constitute adequate consideration for a sale. See City of Blythevillev. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953). Given the fact that a school district's sole priority under the constitutional mandates discussed above is the advancement of its student's educational interests, I believe the "public advantage" that might constitute an element of consideration supporting a sale of district property must be directly related to advancing free, fair and efficient public education. This principle prompted my predecessor to opine in Opinion 2001-102 that a reviewing court might well question a conveyance of school district property below fair market value to a city when the city intended to lease or sell the property to establish a private school. I am neither authorized nor equipped to make the factual determination whether a sale below fair market value would be supported by consideration in the form of educational public advantage in this instance. However, should the Bearden School District, in the exercise of its broad discretion, elect to sell the unused property to the City of Thornton, any finder of fact weighing the adequacy of the consideration might well be influenced in its determination by evidence that maintaining the unused property would have acted as a drain on the school district's resources. Beyond this speculation, I can only opine that the school district is barred from simply donating the property to the city.
Question 2: Can a municipality accept school property that is no longerin use (buildings and land) donated to it by a school district?
This question is moot in light of my response to your first question. However, I will note that cities are authorized to accept donations of property. See A.C.A §§ 14-54-104 and -105 (acknowledging this authority with respect to cities of the first and the second class); Ark. Ops. Att'y Gen. Nos. 2001-083 and 96-098 (opining that both cities and counties are authorized to obtain property by gift for use in accordance with the rules governing the use of any public property).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure
[1] Although my predecessor did not comment on the issue, to the extent A.C.A § 14-169-803 purports to authorize any gratuitous transfer of school property, it may be legally suspect as conflicting with the constitutional provisions discussed above.