Charles L. Robinson, C.P.A, C.F.E. Legislative Auditor 172 State Capitol Little Rock, AR 72201-1099
Dear Mr. Robinson:
I am writing in response to your request for my official opinion on the following questions:
 1. May the Altheimer School District donate school land or buildings to a municipality or county without adequate consideration?
 2. If the Altheimer School District did not receive monetary payment or other substantive consideration for the transfers, are the transfers legal?
 3. If the Altheimer School District may donate land or buildings to a municipality or county, must the transfer be for a "school purpose" or will a transfer for any" public purpose" suffice?
You indicate that the following transactions have prompted your questions:
 On August 16, 1993, the Wabbaseka-Tucker School District was annexed into the Altheimer Unified School District.
 During the fiscal year 2001, the Altheimer School District donated buildings located at the Wabbaseka campus, including twelve (12) acres of land with a cost of $674,623, to the City of Wabbaseka. As of May 20, 2004, the City of Wabbaseka has not utilized this property.
 The Altheimer School District also donated one (1) acre of land with a cost of $3,784, that is located in Altheimer, to Jefferson County. Subsequently, the Pine Bluff-Jefferson County Library built a branch library on the property.
RESPONSE
In my opinion, the answer to your first question is "no." With respect to your second question, I believe the answer is likewise "no," assuming that by "substantive" you mean "adequate." With respect to your third question, I believe that any conveyance of school district property, whether or not supported by monetary consideration, must serve a distinct "school purpose" that amounts to a "public advantage" to the school district members.
Question 1: May the Altheimer School District donate school land orbuildings to a municipality or county without adequate consideration?
As noted above, I believe the answer to this question is clearly "no." I am enclosing for your information Ark. Ops. Att'y Gen. Nos. 2004-056 and 2001-102, in which I and one of my predecessors addressed precisely the question you have posed. I will not repeat the analysis in these previous opinions, but will merely note that donating school district properties to a city or county would run afoul of Ark. Const. art. 14, § 3, which provides that no tax levied to support a school district "shall be appropriated for any other purpose nor to any other district than that for which it is levied," and Ark. Const. art. 16, § 11, which provides that "no moneys arising from a tax levied for one purpose shall be used for any other purpose."
As I noted in Opinion No. 2004-056, the only instance in which a school district might arguably donate property is that set forth at A.C.A. § 14-169-803 (Repl. 1998), which provides:
 Any school district owning lands and buildings within the boundaries of any existing urban renewal project or neighborhood development program, or within the boundaries of any such project or program that may be constituted in the future, is authorized to donate and dedicate to the governing board of any such urban renewal program or neighborhood development project as may be created any surplus lands or buildings owned by it if the lands or buildings are found by the board of the school district to be surplus to its present needs or the lands and buildings are unsuitable for further use by the school.
As the court stated in Gazaway v. Greene County Equalization Bd.,314 Ark. 569, 575, 864 S.W.2d 233 (1993): "The phrase expressio unius estexclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power LightCo., 296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390,663 S.W.2d 930 (1946)." As my predecessor pointed out in Opinion No.2001-102:
 On its face, A.C.A. § 14-169-803 authorizes a school district to donate property only to an urban renewal project or a neighborhood development program, and only then if the property lies within the project or program boundaries and the district deems the property surplus or unsuitable for school use. In my opinion, implicit in this very narrowly tailored authorization is a converse proscription, discernible by application of expressio unius est exclusio alterius, against any other variety of gratuitous conveyance of school district property.
Unless these conditions are met, then, any gratuitous transfer of school district property would be barred by statute as well as by constitutional proscription.[1]
Question 2: If the Altheimer School District did not receive monetarypayment or other substantive consideration for the transfers, are thetransfers legal?
No. See response to question 1.
Question 3: If the Altheimer School District may donate land or buildingsto a municipality or county, must the transfer be for a "school purpose"or will a transfer for any "public purpose" suffice?
As reflected in my response to your first question, any conveyance of property by a school district must exclusively serve a "school purpose." As reflected in the enclosed opinions, with the possible exception of a gratuitous conveyance pursuant to A.C.A. § 14-169-803, I believe a school district is obligated to use all reasonable efforts to obtain fair market value or some other adequate consideration that serves a school purpose in connection with any transfer of property the school board deems surplus.
With respect to the question of what nonmonetary consideration might be deemed "adequate" to support a conveyance of school district property, I continue to subscribe to the following analysis I offered in Opinion No.2004-056:
 [T]he Arkansas Supreme Court has held that in certain circumstances" public advantage" can constitute adequate consideration for a sale. See City of Blytheville v. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953). Given the fact that a school district's sole priority under the constitutional mandates discussed above is the advancement of its student's educational interests, I believe the "public advantage" that might constitute an element of consideration supporting a sale of district property must be directly related to advancing free, fair and efficient public education.
I should further note that the question of what nonmonetary consideration might be deemed adequate is intensely factual and as such does not lend itself to any general prescription in an Attorney General's opinion. As an illustration, in the attached Ark. Op. Att'y Gen. No. 2003-349, I addressed the question of whether a school district might convey for nominal consideration to a private nonprofit corporation an abandoned school building that was in violation of the fire code and that would either need to be razed or extensively repaired. The prospective buyer had agreed to repair the building and use it to benefit school-age children and serve as a community center. I responded as follows:
 [T]he district may sell the building only if the consideration it receives for the sale is reasonable. In my opinion, a court reviewing the adequacy of consideration would likely take into account both that retaining the property would in itself constitute a financial drain to the district and, possibly, that the buyer of the property would commit to using it for educational purposes.
Assuming the only pertinent facts are those you have recited in your request, I believe a reviewing court would likely conclude that a gratuitous conveyance of valuable school district property to a city that has not committed to use the property to advance the school district's interests offends the constitution. With respect to the gratuitous conveyance of school district property to the county, a reviewing court might consider the fact that the county built a library on the property, thus advancing the goal of education. However, I cannot predict whether the court would conclude that this use of the property did not sufficiently advance the school district's direct interests to warrant the gratuitous conveyance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosures
[1] As I noted in my previous opinion, to the extent A.C.A § 14-169-803
purports to authorize any gratuitous transfer of school property, it may be legally suspect as conflicting with the constitutional provisions discussed above.