The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, AR 72701-3809
Dear Senator Madison:
I am writing in response to your request for my opinion on two questions arising from the following recited factual background:
 In June 2004, the Department of Education published regulations requiring each AP/Pre-AP teacher to attend a College Board Advanced Placement Summer Institute every five years. In September 2004, teachers were told they must have a certificate from one of the training sessions in order to teach a Pre-AP or AP core class.
Against this backdrop, you have posed the following questions:
 1. Can a school district allow summer training institutes to substitute for some or all of the five additional professional development days required by Act 102 of the Special Session of 2003?
 2. If school districts are allowed to make a substitution of the professional development days with attendance at summer institutes, are additional days of professional development required over and above those required by Act 102 of the Special Session of 2003 and are the days paid for in accordance with Arkansas Code Annotated § 6-17-807?
RESPONSE
In my opinion, the answer to your first question is "no," rendering your second question moot.
Question 1: Can a school district allow summer training institutes tosubstitute for some or all of the five additional professionaldevelopment days required by Act 102 of the Special Session of 2003?
As noted above, I believe the answer to this question is "no."
Act 102 of 2003 (2nd Ex. Sess.), codified at A.C.A. § 6-16-1201
through -1206, provides in pertinent part:
6-16-1203. Teacher training.
 (a) A teacher of an advanced placement course must obtain appropriate training.
 (b)(1) The State Board of Education shall establish clear, specific, and challenging training guidelines that require teachers of College Board advanced placement courses and teachers of pre-advanced placement courses to obtain College Board sponsored or endorsed training.
Rule 4.00 of the Arkansas Department of Education Rules GoverningAdvanced Placement Courses in the Four Core Areas in High School (the "Advanced Placement Rules"), captioned "Teacher Training," provides in pertinent part:
 4.01 A teacher of an AP course must meet Arkansas Teacher Licensure requirements and must attend a College Board Advanced Placement Summer Institute. Teachers must attend no less than once every five (5) years to stay current on curriculum and program developments.
 4.02 A teacher of an AP course who has not obtained the required training as stated in 4.01, will complete an Additional Training Plan (ATP) for Advanced Placement. The teacher will have three (3) years to complete the required training. Students enrolled in classes of teachers on an ATP earn the weighted credit contingent upon taking the appropriate AP exam (3.06).
 4.03 A teacher of a Pre-AP course must meet Arkansas Teacher Licensure requirements and must attend a College Board sponsored or endorsed training institute or workshop in the teacher's content area. Pre-AP teachers must attend a College Board sponsored or endorsed training institute, or workshop in the teacher's content area no less than once every five (5) years to stay current on curriculum and program developments.
 4.04 A teacher of a Pre-AP course who has not obtained the required training as stated in 4.03 will complete an Additional Training Plan (ATP) for Pre-Advanced Placement. The teacher will have three years to complete the required training.
Rule 10.01.3 of the Arkansas Department of Education Rules GoverningStandards for Accreditation of Arkansas Public Schools and SchoolDistricts (December 2003) (the "Accreditation Rules") provides in pertinent part:
 At least thirty (30) hours shall be used for professional development and in-service training. . . .
Notwithstanding the contrary suggestion in your question, this requirement of five school days of professional development is contained only in the Accreditation Rules, not in Act 102 of 2003 (2nd Ex. Sess.), which addresses only the issue of teacher training for Advanced Placement and Pre-Advanced Placement courses. The five-day training requirement set forth in the Accreditation Rules was increased to ten days by Acts 2003, No. 74, § 1 (2d Ex. Sess.), which added as A.C.A. §6-17-2402(1) a definition of "basic contract" that includes the enhanced training requirement.
At issue in your request is whether a teacher who complies with the AP or Pre-AP training requirements set forth in the Advanced Placement Rules may credit all or part of that training against the training requirement set forth in A.C.A. § 6-17-2402(1) as applicable to all teachers. In addressing this question, I am struck by the fact that the Advanced Placement Rules set forth training requirements for a specialized group of teachers whose specialization is based upon training over and above the training required of teachers generally. Nothing in the Advanced Placement Rules or any other law or regulation suggests that this specialized training might substitute for the "professional development and in-service training" referenced as applicable to all teachers in Rule 10.01.3 of the Accreditation Rules. In this regard, I should note that Acts 2003, No., 83, § 1 (2d Ex. Sess.) created a new section of the Code, A.C.A. § 6-14-704, which in subsection (a) defines the term "professional development" as meaning "a coordinated set of planned learning activities for teachers, administrators, and classified employees that are standards-based and continuous." Subsection (e)(2) provides that the "professional development" must be such as "improves the learning of all students" (emphasis added) — a description that appears broader than the narrower variety of training geared to benefit only pre-AP and AP students. Subsection (e)(2)(I) similarly provides that "professional development" training is such that "[p]repares educators to understand and appreciate all students." (Emphasis added.)
I am further struck by the provisions of A.C.A. § 6-17-702 (Repl. 1999), which provides in pertinent part:
 (a)(1)(A) No school district shall deny certified personnel the opportunity to attend certified instructional staff development sessions conducted by bona fide professional organizations within the State of Arkansas.
 (B) Certified personnel may count up to two (2) days of five and one-half (51/2) hours each of attendance at instructional professional development sessions conducted by bona fide professional organizations toward fulfillment of the five (5) [now ten] days of staff development required by the Standards for Accreditation of Arkansas Public Schools, provided the sessions have been certified by the Department of Education.
See Ark. Op. Att'y Gen. No. 93-380 ("The act [Act 1151 of 1993, allowing for this credit] clearly allows teachers to receive staff development credit for attendance at the AEA convention sessions (if the sessions have been certified by the Department of Education)."). This statute expressly provides for a limited credit against the instructional requirements generally applicable to all teachers for training received in "certified instructional staff development sessions." Significantly, the Code provides for no similar credit for AP and Pre-AP training received pursuant to Rule 4.00 of the Advanced Placement Rules. In construing the legislature's silence on this issue, I am guided by the following principle of statutory construction:
 As the court stated in Gazaway v. Greene County Equalization Bd., 314 Ark. 569, 575, 864 S.W.2d 233 (1993): "The phrase expressio unius est exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co., 296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale, 281 Ark. 390, 663 S.W.2d 930 (1946)."
Ark. Op. Att'y Gen. No. 2001-102. Applying this principle, whereas A.C.A. § 6-17-702 expressly provides for a limited credit against the instructional requirements imposed for training received in certified instructional staff development sessions, no statute or regulation provides for a comparable credit for AP and Pre-AP training received pursuant to the Advanced Placement Rules. Accordingly, I do not believe AP and Pre-AP training may be credited against the training requirements imposed under the Accreditation Rules.
Question 2: If school districts are allowed to make a substitution of theprofessional development days with attendance at summer institutes, areadditional days of professional development required over and above thoserequired by Act 102 of the Special Session of 2003 and are the days paidfor in accordance with Arkansas Code Annotated § 6-17-807?
This question is moot in light of my response to your previous question.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General