The Honorable Lance Reynolds State Representative Post Office Box 477 Quitman, Arkansas 72131-0477
Dear Representative Reynolds:
I am writing in response to your request for my opinion on the following questions:
 1. Under Arkansas law, is there any way the Cleburne County Quorum Court can offer the former county hospital property for sale to the highest bidder and not have to receive a bid of at least 75% of the appraised price?
 2. Could the county accept a bid less than 75% of the appraised price if the bid originated from a nonprofit organization such as another governmental entity or a public school system?
You report that the voters of Cleburne County overwhelmingly approved the sale of the hospital, as required under A.C.A. § 14-16-105(g) (Supp. 2009), after it was vacated by the former resident, Baptist Hospital. The county, however, has been unable to find a bidder willing to purchase the building for at least 75% of its currently appraised value.
RESPONSE
With respect to your first question, in my opinion, if the county determines that the real property is "surplus," the property might be sold to the highest bidder without consideration of its appraised value. A.C.A. § 14-16-106 (Supp. 2009). Moreover, if the property has been "dedicated for the benefit of any lawfully *Page 2 
incorporated, quasi-public, nonprofit, nonsectarian organization including, but not limited to, medical clinics," it may likewise be sold to any buyer without regard to the appraised value, subject to the approval of the county judge. A.C.A. § 14-16-107 (Repl. 1998). If neither of these conditions applies, the property may be sold only for at least 75% of its appraised value. With respect to your second question, I do not believe the restrictions on an outright sale would be lifted by the fact that the prospective purchaser was "another governmental entity or a public school system."
Question 1: Under Arkansas law, is there any way the CleburneCounty Quorum Court can offer the former county hospital propertyfor sale to the highest bidder and not have to receive a bidof at least 75% of the appraised price?
As suggested above, the answer to this question depends upon the factual circumstances surrounding the county's ownership of the property.
With respect to surplus property, A.C.A. § 14-16-106 provides as follows:
 (a) If it is determined by the county judge to be surplus, any personal or real property owned by a county may be sold at public auction to the highest bidder.
 (b)(1) Notice of the public auction shall be published at least one (1) time a week for two (2) consecutive weeks in a newspaper having general circulation in the county.
 (2) The notice shall specify the description of the property to be sold and the time and place of the public auction.
 (c)(1) If it is determined by the county judge and the county assessor that any personal property owned by a county is junk, scrap, discarded, or otherwise of no value to the county, then the property may be disposed of in any manner deemed appropriate by the county judge. *Page 3 
 (2) However, the county judge shall report monthly to the quorum court any property that has been disposed of under subdivision (c)(1) of this section.
With respect to property that has been dedicated for the benefit of various specified entities, A.C.A. § 14-16-107 provides:
 Whenever a portion of county lands are dedicated for the benefit of any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations including, but not limited to, medical clinics, that county real property may be sold to any buyer, upon the approval of the county judge and a two-thirds (2/3) vote of the quorum court of the county, without the necessity of soliciting for competitive bids.
See Op. Att'y Gen. No. 97-098 (suggesting the potential applicability of this statute to the sale of a county hospital).
Assuming neither of the conditions addressed in the two statutes just discussed applies, I believe A.C.A. § 14-16-105(e)(1)(B) (Supp. 2009), as amended byAct 410 of 2009, would control. This statute categorically declares that county-owned personal or real property, "when it exceeds the appraised value of two thousand dollars ($2,000), shall not be sold for less that three-fourths (3/4) of its appraised value as determined by the certificate of the assessor." Subsection (f)(1)(A) of this statute declares null and void any sale not made in compliance with this directive. Although subsection (f)(2) sets forth various exceptions to this requirement, none of these applies to the sale of a county-owned hospital.
To supplement my response to this question, I am attaching Ark. Ops. Att'y Gen. Nos. 2005-050, 2004-055 and 2001-003, which discuss in detail the interrelationship among the three statutes discussed above.
Question 2: Could the county accept a bid less than 75% of theappraised price if the bid originated from a nonprofit organizationsuch as another governmental entity or a public school system?
I will note initially that a "governmental entity or a public school system" is properly characterized as a public entity, not as a "nonprofit organization" of the *Page 4 
sort described in section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).
You have couched your question purely in terms of a sales transaction between the county and one of the referenced public entities. In this context, I believe the three statutes discussed in my response to your first question will control. The exceptions set forth in A.C.A. § 14-16-105(f)(2) are presented as exhaustive and do not authorize a sale to organizations of the sort referenced in your question at a price below 75% of appraised value. As the court stated in Gazaway v. Greene County EqualizationBd., 314 Ark. 569, 575, 864 S.W.2d 233 (1993): "The phraseexpressio unius est exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another. Chem-Ash, Inc. v. Arkansas Power Light Co.,296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale,281 Ark. 390, 663 S.W.2d 930 (1946)." In my opinion, then, unless one of the other two statutes discussed in my response to your first question applies, I believe the county would be foreclosed from accepting from the referenced entities a bid lower than 75% of the property's appraised value.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General