The Honorable Lindsley Smith State Representative
340 North Rollston Avenue Fayetteville, Arkansas 72701-4178
Dear Representative Smith:
I am writing in response to your request for my opinion on the following questions:
 1. Can the City of Fayetteville legally adopt a policy similar to A.C.A. 11-19-259 [sic: 19-11-259], or local purchasing preferences adopted in Madison, Wisconsin, such that: "If a local vendor submits a bid within 1% of the lowest non-local vendor, the purchase is awarded to that local vendor?"
 2. Can local vendors be "provided with a bonus equal to 5% of total available points" when a Request for Proposals is being considered?
RESPONSE
As regards your first question, A.C.A. § 19-11-259 authorizes a political subdivision to allow preferences in bidding only to the advantage of in-state bidders as opposed to out-of-state bidders, and only then when the proposed purchase is for commodities related to a public works project. Neither this statute nor any other statute authorizes a political subdivision to allow preferences in bidding to an in-state "local" bidder as opposed to an in-state "non-local" bidder. Accordingly, I believe the answer to this question is "no." To the extent your second question likewise deals with intrastate preferences in bidding, I believe the answer is likewise "no." *Page 2 
Question 1: Can the City of Fayetteville legally adopt apolicy similar to A.C.A. 11-19-259 [sic: 19-11-259], or localpurchasing preferences adopted in Madison, Wisconsin, such that: "Ifa local vendor submits a bid within 1% of the lowest non-localvendor, the purchase is awarded to that local vendor?"
In my opinion, the answer to this question is "no," unless the preference accords with the already existing state law that authorizes such a preference in the narrow instance when there is a competition between an in-state bidder and an out-of-state bidder for the purchase of commodities related to a public works project. A.C.A. § 19-11-259 (Repl. 2007). I do not believe the legislature has authorized a political subdivision of the state to adopt any bidding preference with respect to intrastate "local," as opposed to "non-local," bidders. Rather, the statute applies only to competing bids submitted by firms in different states.[1]
Assuming then, that the Madison, Wisconsin ordinance complies with Wisconsin law in allowing a preference in favor of one in-state bidder against another, I can only conclude that Wisconsin law is at odds with that in effect in Arkansas. I should further note that under Arkansas law, the restriction of the preference only to the sale of commodities would preclude a local government from approving a blanket preference to certain bidders on all purchases.
To elaborate, only under the following circumstances does A.C.A. § 19-11-259 authorize a "public agency," which is defined as comprising "all counties, municipalities and political subdivisions of the state," A.C.A. § 19-11-259(a)(2)(E), to accept preferential bids on "commodities," a term defined as meaning "materials and equipment used in the construction of public works projects,"id. at (a)(2)(A):
 (b)(1)(A) In the purchase of commodities by competitive bidding, all public agencies shall accept the lowest qualified bid from a firm resident in Arkansas.
 (B) This bid shall be accepted only if the bid does not exceed the lowest qualified bid from a nonresident firm by more than five *Page 3 
percent (5%) and if one (1) or more firms resident in Arkansas made written claim for a preference at the time the bids were submitted.
Significantly, this statute affords a preference only to an Arkansas firm over a nonresident firm; it does not authorize a political subdivision to grant a similar preference to a "local," as distinct from a "non-local," bidder when both bidders are "firms resident in Arkansas" as defined at A.C.A. § 19-11-259(a)(2)(B).[2] See also
A.C.A. §§ 19-11-304 and-305 (affording a preference for in-state bidders on products to be used in penal institutions).[3]
It is established beyond question that a municipality has no powers other than those it has been granted by the General Assembly. As noted by the Arkansas Supreme Court in Phillips v.Town of Oak Grove, 333 Ark. 183, 189, 968 S.W.2d 600 (1998):
 Municipal corporations derive their legislative powers from the general laws of the state. Ark. Const. art. 12, § 4. A municipality has no powers except those expressly conferred by the legislature, and those necessarily or fairly implied as incident to or essential for the attainment of the purpose expressly declared. City of Lowell v. M N Mobile Home Park, Inc., 323 Ark. 332, 336, 916 S.W.2d 95, 97 (1996). *Page 4 
In my opinion, the legislature has not granted a municipality the authority to distinguish between "local" and "non-local" vendors in the manner proposed in your question. Rather, the legislature has authorized only distinguishing between in-state and out-of-state bidders in the relatively narrow category of commodity sales.
Moreover, as the supreme court stated in Gazaway v. GreeneCounty Equalization Bd.,314 Ark. 569, 575, 864 S.W.2d 233 (1993): "The phrase expressiouniusest exclusio alterius is a fundamental principle of statutory construction that the express designation of one thing may properly be construed to mean the exclusion of another."Chem-Ash, Inc. v. Arkansas Power Light Co.,296 Ark. 83, 751 S.W.2d 353 (1988); Venhaus v. Hale,281 Ark. 390, 663 S.W.2d 930 (1946). Applying this principle, I believe it would be impermissible for a local government to allow preferences that vary from those limited categories discussed above, which is precisely what the ordinance proposed in your question would appear to do.
Question 2: Can local vendors be "provided with a bonus equalto 5% of total available points" when a Request for Proposals isbeing considered?
Given the tenor of your first question, I assume this question addresses whether a prospective "local" vendor might by ordinance be afforded a blanket 5% preferential bidding advantage over a prospective intrastate "non-local" vendor. For the reasons set forth in my response to your previous question, I believe the answer to this question is "no."
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] Given my conclusion that Arkansas statutory law precludes imposing such a preference on an intrastate level, I need not address the constitutionality of imposing a classification that favors a particular category of competitive bidder for a public purchase. With respect to a discrimination against out-of-state bidders on state contracts, however, the constitutional issues are addressed in Op. Att'y Gen. No. 2009-057.
[2] This subsection defines the term "firm resident in Arkansas" as meaning the following:
Any individual, partnership, association, or corporation, whether domestic or foreign, who:
 (i) Maintains at least one (1) staffed office in this state;
 (ii) for not fewer than two (2) successive tax years immediately prior to submitting a bid, has paid taxes under the Department of Workforce Services Law, § 11-10-101 et seq., unless exempt, and either the Arkansas Gross Receipts Act . . . or the Arkansas Compensating Tax Act on any property used or intended to be used for or in connection with the firm's business; and
 (iii) Within the two-year period, has paid any taxes to one (1) or more counties, school districts, or municipalities of the State of Arkansas on either real or personal property used or intended to be used or [sic] in connection with the firm's business.
[3] Compare A.C.A. § 19-11-260 (Repl. 2007) (affording a preference to any vendor, regardless of residence, who offers recycled paper products and affording an additional preference if the product contains "the largest amount of postconsumer materials recovered within the State of Arkansas"). *Page 1