Warren E. TUTHILL *v.* ARKANSAS COUNTY EQUALIZATION BOARD, John Johnson, Arkansas County Assessor, et al.

90-64                                          797 S.W.2d 439

Supreme Court of Arkansas
Opinion delivered October 22, 1990

388

*Berry & Mejia*, for appellant.

No brief filed.

ROBERT H. DUDLEY, Justice. This is an appeal from a circuit court judgment affirming the valuation of real property for tax purposes. In 1950, a building was constructed on three lots in DeWitt. In 1973, the three lots were sold to Charles Pattillo. The deed does not recite a sales price, but the deed stamps reflect a sales price of $35,000.00 for the three lots, along with three vacant lots. Thus, in 1973, the property with the building cost something less than $35,000.00.

In the early 1980's the building was used as a retail business·

building. The record does not reflect what amount of rent, if any, was paid by the renter. By 1987, the building was owned by Pattillo's heirs and was empty. A "For Sale" sign had been on the building for a number of years. In April 1987, appellant sought to rent the building from the Pattillo heirs. They responded that they did not want to rent the building but, instead, wanted to sell it. Appellant made an offer of $50,000.00. The offer was refused. Three days later the owners asked appellant to negotiate further. He again approached them and, this time, offered $52,000.00 for the property. The owners accepted that offer and also offered to sell parts of the three vacant lots for an additional $2,500.00. Appellant accepted that offer. The Pattillo heirs executed a warranty deed to appellant and affixed deed stamps representing a consideration of $55,000.00. Appellant uses a major part of the building as a warehouse.

In 1987, the county assessor valued the lots at $123,187.00. Appellant protested the valuation to the county equalization board. The board reduced the valuation to $73,850.00 because the building was no longer used for retail purposes. Appellant appealed the board's assessment for 1987 to the county court. The assessment was affirmed. Appellant appealed to the circuit court. Again, after hearing additional evidence about market value, the assessment was affirmed. Appellant now appeals to this court. We also affirm.

Article 16, section 5 of the Constitution of Arkansas, as adopted in 1980 by Amendment 59, provides in part:

> [a]ll real and tangible personal property shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State.

The General Assembly, in Ark. Code Ann. § 26-26-1201(a) and (b) (1987), has provided:

> Each separate parcel of real property shall be valued at its true market value in money. . . . The price at which real estate would sell at auction or at a forced sale shall not be taken as a criterion of the true value.

The Assessment Coordination Division of the Public Service Commission is given the power of supervision and control

over the several county assessors and boards of equalization and review in order that assessments of property shall amount to true market value. Ark. Code Ann. § 26-24-101 and -102 (1987). To this end, the Assessment Coordination Division annually publishes a manual to be used by county appraisers. That manual recommends the use of three methods to arrive at a true, or market, value. They are (1) comparable sales, (2) capitalization of income, (3) cost less depreciation. It is best that an assessor use two or more of the methods as a gauge of the market value. *Board of Equalization* v. *Evelyn Hills Shopping Center*, 251 Ark. 1055, 476 S.W.2d 211 (1972).

Because of the separation of powers doctrine, it is not within the province of state courts to assess property. *Cook* v. *Surplus Trading Co.*, 182 Ark. 420, 31 S.W. 521 (1930). Courts can only review the assessments and reverse them and send them back to the executive department when they are clearly erroneous, manifestly excessive, or confiscatory. *St. Louis—San Francisco Ry., Co.* v. *Ark. Public Serv. Comm'n*, 227 Ark. 1066, 304 S.W.2d 297 (1957). We have said that we will reverse property assessments only in the "most exceptional cases." *Jim Paws, Inc.* v. *Equalization Bd. of Garland County*, 289 Ark. 113, 710 S.W.2d 197 (1986). The burden of proof is on the protestant to show that the assessment is manifestly excessive or clearly erroneous or confiscatory.

In this case, appellant's sole argument is that he paid $55,000.00 for the property. Certainly, the current purchase price is an important criterion of market value, but it alone does not conclusively determine the market value. An unwary purchaser might pay more than market value for a piece of property, or a real bargain hunter might purchase a piece of property solely because he is getting it for less than market value, and one such isolated sale does not establish market value. Here, appellant had the burden of proving that the assessment was clearly erroneous, but he failed to offer proof by the Pattillo heirs that the sale was not a forced one, and he did not offer any expert proof as to market value.

On the other hand, the assessor testified that he thought that the lots and building had a market value of $73,850.00. He arrived at that value by using the manual prepared by the

Assessment Coordination Division. He testified that he used the "reproduction cost less depreciation" method of valuation. Using that method he found a reproduction cost of the improvement and then made an allowance for the age of the building. To that figure he added the value of the land. Using this method he determined that the building had a value of $5.31 per square foot and the land had a value of 50¢ per square foot. On cross-examination, the appellant did not question the methodology for valuation in the manual. The core of appellant's cross-examination, and the response may be illustrated by the following:

> Q. And there is no better comparative sale than the sale of that particular property itself, is there?
>
> A. Right, but for tax purposes one sale does not make a market value.

We discuss the limited scope of cross-examination solely to point out that the trial judge was not made aware that the reproduction cost less depreciation method "almost invariably tends to inflate valuation," 5 J. Sackman, *Nichols' The Law of Eminent Domain*, § 20.2[1] (3d ed. 1969 and Supp. 1987), and is "inherently inflationary." *Jim Paws, Inc.* v. *Equalization Bd. of Garland County*, 289 Ark. 113, 710 S.W.2d 197 (1986).

A real estate broker and appraiser with twenty-five years experience in the county testified as an expert witness for the appellee. He testified that in 1981 he appraised the property for the estate of Charles Pattillo, and based upon comparable sales at that time, reached a value of $150,000.00 for the property. He stated that the value of buildings in DeWitt had decreased since 1981, and he now values it at $89,500.00. He values the land at 50¢ per square foot and the building at $6.00 per square foot.

Cross-examination can be concisely summarized by the quotation of two questions and answers:

> Q. But in this case we've got an actual sale of this property in question.
>
> A. I appreciate that but I would think in—I—I'm of the opinion that that's the subject property you're appraising so therefore the comparable sales would have—this definition would tell you it would have to be other than the

subject.

Q. So you would rather try to place a value on Mr. Tuthill's property by looking at sales of other property rather than the actual sale of his property.

A. Yes.

This expert further testified that he thought the property likely would have sold at a higher price if a real estate agent had been employed.

The circuit court, after a trial de novo, affirmed the ruling of the county court. Such a holding by the circuit court necessarily implied a finding of fact that the assessed valuation was not clearly erroneous, manifestly excessive, or confiscatory. That finding of fact by the circuit court is now on appeal to this Court. We will not reverse a finding of fact by a trial judge unless it is clearly erroneous. Ark. R. App. P. 52(a). In reviewing a finding of fact by a trial judge, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the appellee. *Union County* v. *Union County Election Comm'n*, 274 Ark. 286, 623 S.W.2d 827 (1981). In so viewing the evidence we cannot say the finding of fact was clearly erroneous. Both the assessor's and the expert witness's testimony substantiated the reasonableness of the valuation. Their methodology in fixing value was not shown to have been flawed. In fact, the only evidence to the contrary was the purchase price, and, as previously set out, that is not conclusive of market value.

Affirmed.