Vernon K. BRADY *v.* Danny George BRYANT

94-366                                              894 S.W.2d 144

Supreme Court of Arkansas
Opinion delivered March 6, 1995
[Rehearing denied April 13, 1995.]

*Raymond Harrill*, for appellant.

*Dodds, Kidd, Ryan & Moore*, by: *Donald S. Ryan*, for appellee.

ANDREE LAYTON ROAF, Justice. This is an appeal by the plaintiff from an order reviving a judgment in his favor to reflect a balance of $500.00. Appellant argues that the trial court erred in finding that his attorney had authority to enter a settlement which reduced the original judgment, by failing to apply the law of accord and satisfaction to the settlement agreement, and by failing to award interest on the reduced judgment. Finding these arguments to be without merit, we affirm.

The appellant, Vernon Brady, was awarded judgment on May 3, 1983, against appellee, Danny Bryant, for $11,695.00 compensatory damages and $5,000.00 punitive damages in an action arising out of an automobile accident. On July 19, 1983, Brady's attorney wrote Bryant's attorney a letter confirming an agreement to allow Bryant to satisfy the judgment by paying $1,000 in cash and an additional $10,000.00 at the rate of $100.00 per month. The $1,000.00 payment was made in August 1983, and Bryant made monthly payments totaling $9,300.00 to Brady's attorney from September 1983 through July 1993. In May 1991, Brady's second attorney sent Bryant a letter which recited the terms of the agreement and complained of missed payments. In

June of 1991, Brady's attorney wrote Bryant's attorney advising that Brady had denied agreeing to reduce the judgment but agreed that such settlement had been made after being reminded that Bryant had threatened to file bankruptcy. Brady continued to accept monthly payments until April 1993 when he filed a *scire facias* to revive the original judgment. Bryant's attorney responded, admitting to a balance of $700.00 and attaching the letters from Brady's previous attorneys.

At trial to the judge, Brady denied giving his attorneys authority to reduce the judgment or to waive payment of interest, but admitted to receiving the payments made by Bryant. Brady's first attorney, who wrote the letter of July 1983 testified that he had written the letter in 1983 outlining the settlement terms and that he generally recalled discussing the settlement with Brady.

The second attorney for Brady was not present to testify and Brady's trial attorney objected to the 1991 letters as hearsay but the court allowed the letters to be introduced as admissions by a party. At the conclusion of the trial, the court found that the parties had reached an agreement in 1983 on the terms outlined in the 1983 letter, that there was no provision for interest in this agreement, and that Bryant had made payments on the agreement for ten years. The court, in enforcing the settlement agreement, found that Brady had continued to accept payments after his attempt to disavow the settlement in 1991, and entered an order reviving the judgment for the balance due on the agreement of $500.00.

On appeal appellant argues there was insufficient evidence for the trial court to find that his attorney had authority to settle the judgment on his behalf and that employment of an attorney does not carry the implied authority to compromise a client's claims. He further argues that even if his attorney had authority to settle the agreement, the settlement was in effect an accord and satisfaction, and appellee's failure to make all payments in a timely fashion constituted a failure of the accord.

Where there are conflicts in testimony, we defer to the judgment of the trial judge as to the credibility of the witnesses because of the superiority of his or her position in making that

determination. *Meinholz* v. *Meinholz*, 314 Ark. 542, 862 S.W.2d 828 (1993). We will not reverse the court unless it is clearly erroneous. Ark. R. Civ. P. 52(a). In reviewing a finding of fact by a trial judge, we view the evidence, and all reasonable inferences therefrom, in the light most favorable to the appellee. *Tuthill* v. *Ark. County Equalization Bd.*, 303 Ark. 387, 797 S.W.2d 439 (1990). We cannot say that the trial court, in finding that the parties reached an agreement in 1983, was clearly erroneous.

However, appellant's argument must fail even if the court found that his attorney lacked the authority to settle his claim. Brady's acceptance of the payments over a ten year period, including the period after his disavowal of the settlement, constituted a ratification of his attorney's actions. In *Arnold* v. *All American Assurance Company* 255 Ark. 275, 496 S.W.2d 861 (1973), this court discussed the concept of ratification, by a reference to Corpus Juris Secumdum:

> Ratification is a doctrine of agency, which is well-established in the common law, and it refers to the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another without authority.

The court went on to state that "[i]t is well settled in Arkansas law that when the principal has knowledge of the unauthorized acts of his agent, and remains silent, when he should speak, or accepts the benefit of such acts, he cannot thereafter be heard to deny the agency but will be held to have ratified the unauthorized acts. . . . It has been said that affirmance of an unauthorized transaction may be inferred from a failure to repudiate it, or from receipt or retention of benefits of the transaction with knowledge of the facts. Restatement of the Law, Second Edition, Agency §§ 94, 98, 99; 3 Am. Jur. 2d 560-564, Agency, §§ 175, 176, 178."

Appellant also argues the trial court erred in finding the 1983 agreement would not include interest. Appellant argues that because interest was not mentioned in the agreement, the trial court should have applied Art. 19 § 13(d)(i) of the Arkansas Constitution to supply the missing provision for interest. Art. 19, § 13(d)(i) states:

(d) Miscellaneous

(i) The rate of interest for contracts in which no rate of interest is agreed upon shall be six percent (6%) per annum.

Appellant has cited no authority for this proposition, and a plain reading of the provision reveals no such intent by the authors. The provision allows for an interest *rate* when no rate has been decided upon. It does not provide for *interest* when no interest has been provided by the parties.

We have considered the other contentions presented by appellant, and because we find that the trial court was correct in holding that an agreement had been made, we conclude that these arguments lack merit.

Affirmed.