Cite as 2020 Ark. App. 98

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-19-280

| | |
|---|---|
| HICKORY HEIGHTS HEALTH AND REHAB, LLC; CENTRAL ARKANSAS NURSING CENTERS, INC.; NURSING CONSULTANTS, INC.; AND MICHAEL MORTON<br><br>APPELLANTS<br><br>V.<br><br>DELORES TAYLOR, AS ATTORNEY-IN-FACT FOR MARY YOUNG<br><br>APPELLEE | **Opinion Delivered:** February 12, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CV-17-6587]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

This is an interlocutory appeal concerning the denial of a motion to compel arbitration. *See* Ark. R. App. P.-Civ. 2(a) Appellants are Hickory Heights Health and Rehab, LLC; Central Arkansas Nursing Centers, Inc.; Nursing Consultants, Inc. and Michael S. Morton (collectively "Hickory Heights"). Delores Taylor as attorney-in-fact for her mother, Mary Young, is the appellee. Mary was a resident of Hickory Heights skilled-nursing facility from October 10 to November 8, 2016. On November 13, 2017, Delores filed a lawsuit in the circuit court against Hickory Heights asserting claims of negligence, medical negligence, breach of the admission agreement, breach of the provider agreement, and deceptive trade practices. Hickory Heights filed a motion to compel her causes of action to be heard in arbitration, which the circuit court denied. Hickory Heights appeals the denial of its motion. We affirm.

## I. *Relevant Facts*

In October 2016, Mary's son, Mikeal Taylor, executed two documents regarding Mary's residency at Hickory Heights—an admission agreement and an arbitration agreement. Mary did not sign either agreement. Mikeal signed both agreements on the line labeled "Resident's Responsible Party," and on the line labeled "Responsible Party's Relationship to Resident," he wrote "Son." The admission agreement defines "Responsible Party" as follows:

> The Resident's Responsible Party is the Resident's legal guardian, if one has been appointed, the Resident's attorney-in-fact, if the Resident has executed a power of attorney, or some other individual or family member who agrees to assist the Facility in providing for the Resident's health, care and maintenance. It includes a person who manages, uses, controls, or otherwise has legal access to Resident's income or resources that legally may be used to pay Resident's share of cost or other charges not paid by the Arkansas Medicaid Program or any other source.

The arbitration agreement also defines "Responsible Party" as follows:

> The Resident's Responsible Party is the Resident's legal guardian, if one has been appointed, the Resident's attorney-in-fact, if the Resident has executed a power of attorney, or some other individual or family member who agrees to assist the Facility in providing for the Resident's health, care and maintenance.

The following sentence appears at the end of the arbitration agreement. "_____ (Check if applicable) A copy of my guardianship papers, durable power of attorney or other documentation has been provided to the Facility and is attached." No checkmark appears in the blank space provided. The arbitration agreement states that it is "an addendum to and part of the admission agreement" and "a condition of admission." The arbitration agreement sets forth that the parties agree to accept the use of arbitration and give up the right to have any dispute resolved in a court of law.

In November 2016, Mary executed a durable power of attorney appointing Mikeal and Delores co-attorneys-in-fact. In November 2017, Delores, as attorney-in-fact for her mother, filed a complaint against Hickory Heights. Hickory Heights filed a motion to compel arbitration asserting that Mikeal signed the admission agreement and the arbitration agreement in his individual capacity as her son and a person who assists in her care. Hickory Heights contends Mikeal did not sign as his mother's representative; thus, he acknowledged consent to the arbitration agreement and bound his mother to the terms as a third-party beneficiary. Hickory Heights also asserts that because Delores's complaint includes a breach-of-contract claim, she is bound by the terms of the admission-agreement contract, which incorporates the arbitration agreement. Last, Hickory Heights argues that the Federal Arbitration Act governs and favors arbitration, preempting any Arkansas law to the contrary.

The circuit court denied the motion to compel arbitration, concluding that no valid agreement to arbitrate exists for two reasons: (1) there was no evidence presented that Mary was aware of the arbitration agreement and its provisions; and (2) Mikeal signed as a responsible party, in a representative capacity without checking the box indicating that a durable power of attorney or guardianship papers had been provided to Hickory Heights and were attached. The court noted that the power of attorney was executed after the arbitration agreement had been signed; thus, there was no evidence that Mikeal had the authority to bind Mary as a third-party beneficiary when he signed the documents. Hickory Heights brought this interlocutory appeal.

## II. *Standard of Review*

We review a circuit court's order denying a motion to compel arbitration de novo on the record. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437. Arbitration is simply a matter of contract between parties. *Id*. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id*. The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *Id*. Finally, the construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id*.

## III. *Discussion*

On appeal, Hickory Heights asserts there are three possible definitions of "Responsible Party" under the agreements: (1) a legal guardian; (2) an attorney-in-fact; or (3) an individual who agreed to assist with the resident's health, care, and maintenance. According to Hickory Heights, Mikeal signed the admission agreement and arbitration agreement in his individual capacity as someone "who agrees to assist the Facility in providing for [Ms. Young's] health, care and maintenance"; thus, Mikeal and Hickory Heights executed a valid agreement with the clear intention to benefit Mary as a third party. Hickory Heights' argument is not well taken.

In a recent case, *Hickory Heights Health & Rehab, LLC v. Cook*, 2018 Ark. App. 409, 557 S.W.3d 286, our court addressed an almost identical set of facts. In *Cook*, the arbitration

4

agreement was signed by the daughter of the Hickory Heights resident. Like Mikeal, the resident's daughter in *Cook* did not have durable power of attorney, and she did not indicate on the form that she had attached any documentation regarding a durable power of attorney or guardianship. Hickory Heights asserted that the daughter signed the document in her individual capacity, and the parties were bound to the arbitration agreement. Our court rejected this argument and reasoned that in order to apply the third-party-beneficiary doctrine, there must be an underlying valid agreement between two parties, and there must be evidence of a clear intention to benefit a third party. This court held that the salient question here is whether the document was signed by a party in an individual capacity or in a representative capacity, stating that

> [t]he Arbitration Agreement requests documentation to support the asserted authority on which the person claims to be the "Responsible Party." Mabel did not have a legal guardian, but she did have a durable power of attorney vested in Charles A. Cook. Mr. Cook was the person who possessed legal authority and who was available to be the "Responsible Party." Ethel did not possess legal authority to bind her mother in a representative capacity, which is an undisputed fact.
>
> Other cases on this topic reflect a consistent line of reasoning that family members do not possess the authority to bind the resident when that person attempts to act in a representative capacity.

*Id.* at 7, 557 S.W.3d at 291 (citations omitted).

We note that unlike the instant case, the court in *Cook* also concluded that ambiguity existed regarding whether Mabel's daughter had signed in an individual capacity or a representative capacity; however, this is a distinction without a difference. The same facts are present in this case; and as in *Cook*, there is no indication anywhere in the agreement that Mikeal had the authority to sign in a representative capacity.

Hickory Heights asserts that *Cook* is inapplicable here because there is a "crucial difference" between the cases; namely, Delores is asserting a claim for breach of the admission agreement. Hickory Heights argues that Delores "cannot have it both ways" because by suing for breach of the admission agreement, she is acknowledging the validity of the agreement; therefore, Delores should not be permitted to avoid enforcement of the arbitration agreement as an incorporated addendum to the admission agreement. We disagree. Delores did not agree to arbitrate, and Mikeal did not have the authority to agree to arbitration on her behalf. The fact that the arbitration agreement is incorporated into the admission agreement does not change our analysis. We hold that the circuit court did not err in determining that Hickory Heights cannot compel arbitration pursuant to an invalid agreement.

We also hold that Hickory Heights' argument that *Cook* conflicts with federal law is without merit. As explained in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), arbitration agreements must be placed on an equal footing with other contracts and enforced according to their terms, but arbitration agreements may still be invalidated by generally applicable contract defenses. Because no valid agreement was formed, the circuit court correctly decided that the arbitration clause cannot be enforced.

Hickory Heights also contends that the circuit court erred in relying on *Pine Hills Health & Rehab. LLC v. Talley*, 2018 Ark. App. 131, 546 S.W.3d 492. Hickory Heights asserts that the arbitration agreement in *Talley* was drafted so that only a resident or a responsible party may enter the agreement and that the holding in *Talley* was based on the language of the agreement and the parties' identification of the resident as the party to the

6

agreement. By contrast, Hickory Heights argues, the arbitration agreement in the instant case "plainly contemplates that it can be executed by a resident and/or a responsible party." According to Hickory Heights, because Delores did not sign the arbitration agreement and instead Mikeal signed as a party to the agreement, there is no evidence that he was attempting to act as a representative. We disagree that *Talley* is distinguishable here. Just as in the instant case, the daughter in *Talley* did not have representative authority to act for her parent, and she did not check the blank space next to the statement affirming that a copy of guardianship papers or a durable power of attorney, or other documentation had been provided to the facility and was attached. The circuit court did not err in relying on *Talley* because the crux of the case is the same—the resident's child signed the admission and arbitration agreements but had no authority to do so; thus, the arbitration agreement was unenforceable.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Hardin, Jesson & Terry PLC*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, *Carol Ricketts*, and *Kirkman T. Dougherty*, for appellants.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Robert W. Francis*, for appellee.