Cite as 2023 Ark. App. 165

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-22-73

| | |
|---|---|
| LAKEWOOD HEALTH AND REHABILITATION CENTER; CENTRAL ARKANSAS CENTERS, INC.; NURSING CENTERS, INC.; NURSING CONSULTANTS, INC.; AND MICHAEL MORTON<br><br>APPELLANTS<br><br>V.<br><br>LULA ASHBY, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARTHA WEAVER, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF MARTHA WEAVER<br><br>APPELLEE | Opinion Delivered March 15, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION<br>[NO. 60CV-20-6607]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>AFFIRMED |

### MIKE MURPHY, Judge

Appellants Lakewood Health and Rehabilitation Center; Central Arkansas Nursing

Centers, Inc.; Nursing Consultants, Inc.; and Michael Morton bring this interlocutory

appeal from an order of the Pulaski County Circuit Court denying their motion to compel

arbitration of a lawsuit filed by appellee Lula Ashby, as personal representative of the estate

of Martha Weaver, deceased. Appellants claim on appeal that the circuit court erred in

refusing to enforce an arbitration agreement. We affirm.

On August 2, 2017, Martha Weaver was admitted to Lakewood Health and Rehabilitation Center (Lakewood Health). Her sister, Lula Ashby, accompanied her. Weaver was a resident of the facility until she died in August 2019. Upon admission, Weaver and Ashby were presented with paperwork, including an admission agreement with an arbitration agreement in the addendum. At the time the agreement was signed, Ashby was Weaver's power of attorney. Ashby was appointed in February 2013. The general durable power of attorney specifically provided that Ashby was not granted the authority to sign an arbitration agreement. Ashby signed the facility admission agreement in her capacity as Weaver's "Responsible Party." The agreement defined "responsible party" as "[the resident's] legal guardian, if one has been appointed, [the resident's] attorney-in-fact, if you have executed a power of attorney, or some other individual or family member who agrees to assist the Facility in providing for [the resident's] health, care and maintenance." The arbitration agreement included a blank line followed by "(Check if applicable): A copy of my guardianship papers, durable power of attorney or other documentation has been provided to the Facility and is attached." There is no check mark in the blank. Unlike the admission agreement, Weaver, herself, also signed the arbitration agreement, but her name appears on the signature line reserved for a "Witness if executed by Responsible Party."

On December 31, 2020, Ashby filed her first amended complaint alleging that Weaver was injured as a result of the care and treatment received at Lakewood Health and asserting causes of action for negligence, medical malpractice, breach of the admission agreement, and violation of the Deceptive Trade Practices Act as against appellants and in

2

addition to Kindred Hospice and Odyssey Healthcare Operating A, LP. Appellants filed a timely answer denying Ashby's claims and asserting the existence of an arbitration agreement as a defense.[1] Lakewood Health also submitted an affidavit from Jennifer Reichard, its administrator, who helped the two women complete the paperwork and who stated that Weaver and Ashby were given the opportunity to read and ask questions about the arbitration agreement. In response to the motion, Ashby asserted that the agreement was invalid because Ashby did not have authority to agree to arbitration on behalf of Weaver, and the arbitration agreement constitutes an illegal contract in violation of federal law because it requires arbitration as a condition of admission.

Following a hearing on appellants' motion to compel arbitration, the circuit court denied the motion. The circuit court subsequently entered its order denying the motion on October 5, 2021, finding that Weaver had signed as a witness to Ashby's signature and "did not imply her consent to the arbitration agreement by signing as witness." This appeal followed.

On appeal, appellants challenge the circuit court's order denying the motion to compel arbitration, arguing that there was a valid and enforceable agreement encompassing the parties' dispute that obligated them to arbitration.

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12) (2021). We review a circuit court's

---

[1]Kindred Hospice and Odyssey Healthcare Operating A, LP, adopted the separate defendants' motion to compel arbitration. They are not a party to this appeal.

denial of a motion to compel arbitration de novo on the record. *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624. While we are not bound by the circuit court's decision, in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. *Progressive Eldercare Servs.-Morrilton, Inc. v. Taylor*, 2021 Ark. App. 379.

Despite an arbitration provision being subject to the Federal Arbitration Act, we look to state contract law to decide whether the parties' agreement to arbitrate is valid. *Courtyard Rehab. & Health Ctr., LLC v. Est. of Tice*, 2022 Ark. App. 327, at 4–5. The same rules of construction and interpretation apply to arbitration agreements as apply to agreements in general. *Id.*

In deciding whether to grant a motion to compel arbitration, two threshold questions must be answered: (1) is there a valid agreement to arbitrate between the parties and (2) if so, does the dispute fall within its scope? *Id.* In answering these questions, doubts about arbitrability must be resolved in favor of arbitration. *Colonel Glenn Health & Rehab, LLC v. Aldrich*, 2020 Ark. App. 222, 599 S.W.3d 344. We are also guided by the legal principle that contractual agreements are construed against the drafter. *Id.*

We must first determine the threshold inquiry of whether a valid agreement to arbitrate exists. *Phillips*, *supra.* We have held that, as with other types of contracts, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Id.* As the proponent of the arbitration agreement, appellants have the burden of proving these

essential elements. *Id.* Both parties must manifest assent to the particular terms of a contract. *Pine Hills Health & Rehab., LLC v. Matthews*, 2014 Ark. 109, at 6–7, 431 S.W.3d 910, 915. This court employs an objective test for determining mutual assent, by which we mean objective indicators of agreement and not subjective opinions. *Id.*

Appellants contend there are two possible interpretations of Weaver's signature: (1) she intended to sign on her own behalf but mistakenly signed on the witness line, or (2) she intended to sign as a witness to Ashby's signature. They state that regardless of Weaver's intent in signing, however, ordinary contract law establishes that her estate is bound by the arbitration agreement's terms. We disagree.

Appellants' first interpretation that Weaver mistakenly signed on the witness line requires speculation and is not objectively clear. To support their argument, appellants direct us to the facility representative's affidavit and assert that it establishes that Weaver was present at the time the arbitration agreement was presented and that she was given an opportunity to ask questions or object, yet she signed the arbitration agreement without objection. Looking only to the four corners of the agreement, we can ascertain that Lakewood Health attempted to contract with Ashby as Weaver's responsible party because Weaver did not sign the admission agreement at all nor did she sign the arbitration agreement as "the resident." While the affidavit establishes who was present at the signing, no explanation is given to explain Weaver's signature. The facility representative could have removed any ambiguity by ensuring that this paperwork was filled out correctly because she

was present at the signing. This interpretation is not supported by the evidence and plain language of the agreement.

Alternatively, appellants argue that even if it is assumed that Weaver intended to sign as a witness and not a party, the doctrine of ratification applies. They argue that Weaver's acts and failure to object constituted a ratification of the signature of her agent, Ashby. However, appellants have not sufficiently shown that Weaver was consenting to Ashby's signing the arbitration agreement as Weaver's agent.

The supreme court has said that "[r]atification is a doctrine of agency . . . [that] refers to the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another without authority." *Brady v. Bryant*, 319 Ark. 712, 715, 894 S.W.2d 144, 146 (1995). Under this doctrine, a principal may ratify an unauthorized contractual decision by an agent. *See Sterne, Agee & Leach v. Way*, 101 Ark. App. 23, 31, 270 S.W.3d 369, 376 (2007). Ratification may be implied rather than express, and implied ratification may be inferred from the acts and words of the principal. *Progressive Eldercare*, *supra*. The doctrine of ratification, however, has no application if there was no agency relationship. *Id.*

Ashby signed merely as a "family member" and not as Weaver's agent. While she had a power of attorney over Weaver, it explicitly stated that she did not have authority to sign arbitration agreements, nor was Lakewood Health even aware that Ashby had a power of attorney. Therefore, we conclude on these facts that the doctrine of ratification is inapplicable.

6

In construing the contract against the drafter, we have no evidence to contradict the circuit court's conclusion that Weaver signed only as a witness. Moreover, for the reasons explained herein, ratification does not apply under the circumstances presented. Because there was no manifestation of mutual assent, the arbitration agreement was unenforceable. We affirm the circuit court's decision.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Hardin, Jesson & Terry, PLC*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, *Carol Ricketts*, and *Kirkman T. Dougherty*, for appellants.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*, for appellee.